## No. 6341.

### JOSEPHINE JOHNSON, TUTRIX, vs. CLARK & MEADER.

The dismissal of a suspensive appeal, for want of the proper bond will not prevent the appellant from taking a devolutive appeal, within the legal delay.

The payment of *fieri facias*, under the threat of the sheriff to seize and sell defendants' goods, is not of itself conclusive of his acquiescence in the execution of judgment against him.

APPEAL from the Fourth District Court, parish of Orleans. *Lynch,* J.

*Gibson & Gibson,* for plaintiff and appellee.
*Kennard, Howe & Prentiss,* for defendants.

### ON MOTION TO DISMISS.

The opinion of the court was delivered by
MANNING, C. J. Final judgment having been rendered against defend-

ants for $859, a devolutive appeal was prayed and granted, which the plaintiff moves to dismiss on the following grounds :

First—That the suspensive appeal heretofore taken by the defendants having been dismissed for want of a legal bond, they are not entitled to another appeal.

Second—That the judgment of the lower court has been voluntarily executed by the appellants, the writ of *fieri facias* having been satisfied by them by payment before seizure.

Third—That the defendants can have no standing before this court, by reason of their fraudulent and criminal conduct in the suspensive appeal hereinbefore taken and dismissed.

The appellee has a right to demand the dismissal of the appeal if the appellant has neglected to give a sufficient bond, or omitted any other legal formality; but a judgment of dismissal pronounced on such demand does not preclude the appellant from having the judgment of the lower court reviewed, if he claims his second appeal within the year. The present appeal is within time. The right of appeal is constitutional, and it is neither our duty nor inclination to impede or obstruct it. Smith vs. Vanhille. 11 La. 380; Dugas vs. Truxillo, 15 Annual, 116.

The defendants did not voluntarily execute the judgment of the lower court. They disregarded the sheriff's first notice, requiring payment of the *fieri facias*, whereupon he informed them that if payment was not made by a given hour he should seize, advertise for sale, and sell their stock in trade, and to that end the officer proceeded to prepare in form his notices of seizure. To avert this the defendants paid, and took immediate legal proceedings to stay the fund in the sheriff's hands. The consequences of a seizure of their stock, and its advertisement for sale, would have been far-reaching and most injurious to them. Their payment, to avert such consequences, can not be held in any other light than compulsory. The act should be unequivocal to authorize a presumption of the abandonment of so important a right. Leggett vs. Peet, 1 La. 296; Yale vs. Howard, 24 Annual, 458.

We should be very loth to adopt the third ground of dismissal, and thereby charge the defendants with complicity in the criminal practices of others, of which we had occasion to speak with just severity in our opinion read on the former application for dismissal. We have no reason to know or believe, from the record or in any other way, that the defendants were cognizant of, or privy to the alteration of the records, the discovery of which provoked our animadversion, and we can not punish them for that fault, or deny them a legal right because one formerly representing them has done a flagrant wrong.

The motion to dismiss can not prevail.