SUTTON, Appellant, vs. CHAPMAN, Respondent.

*October 14 — November 3, 1885.*

*Appeal from J. P.: Reduction in amount of judgment already collected: Restitution.*

Sec. 3772, R. S., providing for restitution of the amount collected upon a justice's judgment when the same is *reversed* on appeal, does not apply where the amount of the recovery is merely *reduced* in the appellate court. Upon the facts in this case it is *held* that the defendant must bring his action to recover the amount alleged to have been wrongfully collected.

APPEAL from the Circuit Court for *Columbia* County.

In May, 1883, the plaintiff *John J. Sutton* recovered a judgment in justice's court against the defendant, *Almeron*

*Chapman*, for $159.77, damages, and $17.24, costs, and immediately filed a transcript thereof in the office of the clerk of the circuit court for Columbia county.   *Chapman* appealed from the judgment, but gave no undertaking to stay execution, and an execution was issued and returned unsatisfied. In June, 1883, one Roberts recovered a judgment against *Chapman* for $154.34, damages and costs.

Afterwards, while the appeal of *Chapman* from the judgment in favor of *Sutton* was still pending, the latter together with Roberts commenced an action against *Chapman* in the nature of a creditor's bill to enforce collection of their said judgments.   John Hasey and W. R. Taylor were also made defendants in such creditors' action, it being alleged that property of *Chapman* had been fraudulently conveyed to them.   The venue of that action was duly changed to Jefferson county.

In April, 1884, while the appeal of *Chapman* from the justice's judgment and the creditors' action were both still pending, Hasey tendered to the plaintiffs in the latter action the full amount of the judgments which that action was brought to collect, together with interest, costs, etc., and such tender was accepted, and the creditors' action was discontinued.

In December, 1884, the appeal of *Chapman* from the judgment in favor of *Sutton* was tried in the circuit court for Columbia county, and the plaintiff had a verdict for $60, instead of the $159.77 recovered in the justice's court. Thereupon the court entered an order reciting that the defendant, *Chapman*, through said John Hasey, had paid the judgment appealed from, together with interest, costs, etc., amounting in all to the sum of $186.18, and directing the plaintiff to proceed to tax his costs, and adjudging that if the amount of such costs, together with the $60 damages, should exceed the sum of $186.18, paid by the plaintiff as aforesaid, then the plaintiff have judgment for such excess,

but if said sum of $186.18 should exceed the amount of damages and the costs taxed, then the defendant have and recover such excess from the plaintiff. From that order the plaintiff, *Sutton,* appealed.

*J. J. Sutton,* appellant, *in pro. per.*

For the respondent there was a brief signed by *P. G. Stroud,* counsel, and *Geo. W. Stephens,* attorney, and oral argument by *Mr. Stroud.* They contended, *inter alia,* that even apart from sec. 3772, R. S., the circuit court had inherent power to make the order, under the circumstances of this case. *Flemings v. Riddick's Ex'r,* 50 Am. Dec. 119; *Jones v. Bradshaw,* 16 Grat. 362.

Cole, C. J. The order appealed from cannot be sustained on the ground that it was in the nature of a setoff of one judgment against another. The facts do not present a case for the exercise of that power on the part of the court. The equity suit, when settled, was pending in Jefferson circuit, and included other parties as well as the parties to this action. Undeniably that action had been settled, and the judgments sought to be collected in that proceeding had been paid. It is true, one of those judgments was the one in favor of the appellant which he had obtained in the justice's court. The respondent had taken an appeal from this judgment, but gave no bond to stay proceedings to collect the same. The appellant, after filing a transcript in the circuit court, and having issued an execution which was returned unsatisfied, together with M. J. Roberts commenced the equitable suit in the nature of a creditors' bill to collect their respective judgments against *Chapman.* This action was against the principal debtor and other persons to whom it was alleged he had transferred his property, for the purpose of placing it beyond the reach of his creditors. As we have said, it is an admitted fact that the judgments mentioned in the equity suit were paid and discharged;

consequently there was no judgment in that action to be set off.

But the order made on the trial of the appeal action, doubtless, was supposed to be authorized by sec. 3772, R. S. That section provides that if a justice's judgment, or any part thereof, be collected, and the judgment be afterwards reversed, the appellate court shall order the amount collected to be restored, with interest from the time of the collection. Such order may be obtained, upon proof of the facts, upon notice and motion, and may be enforced as a judgment. Now, it is claimed that the case made by the affidavits is within the spirit, if not the letter, of this section; but the difficulty with that construction, as applied to this case, is that the judgment in the action of *Sutton v. Chapman* was not reversed in the circuit court on appeal. The amount recovered by the plaintiff in the justice's court was reduced in the appellate court nearly $100; but still the plaintiff had judgment in that court for $60, the amount found due him by the jury. So it is obvious that his judgment was not reversed, and the case did not come within the language of the section.

But it is claimed that the order of the circuit court fairly adjusted the rights of the parties, and should be sustained to prevent a circuity of action. In its order the court adjudged that the amount which the defendant was entitled to recover back on account of having paid the judgment in the equity suit was the sum of $186.18, less the sum of $60 and the costs taxed in the action on appeal. Whether this was a fair and equitable adjustment of the litigation between these parties depends entirely upon facts which cannot well be determined on affidavits. These facts are whether the payment of the judgment in the equity suit was not voluntary, and understood to be, at the time, a settlement of the suit then pending on appeal in the circuit court of Columbia county. On the affidavits now before us,

we think these are very grave questions, which can only be determined by an action in the proper manner. If the appeal action was, in fact, settled, it is obvious it was no longer in court for trial. We therefore think that the defendant should be remitted to his remedy by action at law to recover what he claims has been wrongfully obtained from him by the plaintiff.

*By the Court.*— The order of the circuit court is reversed, and the cause is remanded for further proceedings in conformity with this opinion. And it is further ordered that upon the commencement of an action by the defendant to recover the money he claims has been wrongfully obtained from him, and upon his giving a sufficient bond for the payment of the judgment of $60 and costs and interest, the circuit court order a stay of all proceedings for the collection of that judgment during the pendency of such action.