CHAPMAN, Respondent, vs. SUTTON, Appellant.

*March 25 — April 12, 1887.*

*Action for money paid on judgment: Receipt: Evidence: Appeal: Waiver.*

1. If, pending an appeal from a judgment, the appellant pays the amount thereof in settlement of a creditors' suit commenced to enforce the same, the payment is not voluntary, but if such judgment is afterward reversed, or the amount thereof reduced by the appellate court, he may, in an action for that purpose, recover back the amount paid, or the excess above the judgment in the latter court.

2. Parol evidence is admissible to show whether a receipted bill for the amounts of judgments and costs in certain actions specified, given on settlement of a creditors' suit pending thereon, was understood

and intended by the parties at the time to evidence a settlement of an appeal in one of those actions.

3. Payment of a judgment is not a waiver of an appeal then pending, or of the right to appeal therefrom, or to bring a writ of error to review it.

APPEAL from the Circuit Court for *Columbia* County.

For a history of the litigation between these parties prior to the commencement of this action, see *Sutton v. Chapman*, 64 Wis. 312. This action was brought in pursuance of the decision there made, to recover the amount paid on the judgment against *Chapman* in justice's court.

The facts are stated in the opinion. The defendant appeals from a judgment in favor of the plaintiff. The tender of payment made by Hasey in the creditors' suit, and the statements and receipt mentioned in the opinion are as follows:

"[Title of cause.]

"The defendant John Hasey hereby tenders to you, the plaintiffs in the above-entitled action, the sum of $367.64, the same being the full amount claimed by you to be due to the plaintiffs for damages, with interest thereon up to day; also the sum of $25 as costs. And defendant Hasey hereby tenders and offers to pay the balance of the plaintiffs' costs, if more is claimed, as soon as the amount of the same can be determined. And, for the purpose of having the amount thereof settled and determined, the defendant John Hasey demands a bill of the plaintiffs' costs, and the defendant Hasey hereby offers to appear before the clerk of this court, at his office in the city of Jefferson, in Jefferson county, at any time, on due and sufficient notice to enable the defendant Hasey to get to the office of said clerk, for the purpose of having the plaintiffs' costs taxed and determined.

"Yours, etc.,                    E. V. BRIESEN,

"Attorney for Defendant Hasey.

*To J. C. McKenney, Attorney for Plaintiffs, Mil., Wis.*

Chapman vs. Sutton.

STATEMENT OF PLAINTIFFS' CLAIM.

*First, J. J. Sutton.*

| | | |
|---|---|---|
| Judgment against A. Chapman | | $177 01 |
| With interest since May 18, 1883 | | 10 37 |
| Sub-costs | $8 25 | |
| Interest on same since August 21st | 35 | 8 60 |
| | | $196 98 |

*Second, M. J. Roberts.*

| | | |
|---|---|---|
| Judgment vs. A. Chapman | | $154 34 |
| With interest since May 17, 1883, up to date | | 9 50 |
| Sub-costs | $7 00 | |
| Interest | 31 | 7 31 |
| | | $171 16 |
| Total claim | | $367 64 |
| Costs | | 25 00 |
| Total tendered | | $392 64 |

"E. V. BRIESEN,
"Attorney for Defendant Hasey.

"$392.64. MILWAUKEE, WIS., April 4, 1884.
"Received of John Hasey, Esq., the sum of $392.64, as above stated.
"J. C. McKENNEY,
"Attorney for Plaintiffs."

For the appellant there was a brief by *Lander & Lander*, and oral argument by *John J. Sutton*, in person. Among other things, they argued that the tender and payment in this case were intended and understood to be in settlement of the whole litigation between the parties; and the payment being voluntary, with full knowledge of the facts, and not induced by any fraud, the money could not be recovered back, citing *Harrison v. Milwaukee*, 49 Wis. 247; *Custin v. Viroqua*, 67 id. 314. The tender was an admission of the justice of the claim. *Schnur v. Hickcox*, 45 Wis. 200. And if the respondent intended to contest the right of the appellant, he was bound to take his position at the time of the demand. *Flower v. Lance*, 59 N. Y. 603; *Peyser v. Mayor*, 70 id. 497.

*P. G. Stroud*, for the respondent.

COLE, C. J.   The contention of the appellant is that the evidence clearly shows that when Hasey, one of the defendants in the creditors' suit pending in Jefferson county, made the tender and payment of the two judgments and costs in that suit, this was understood and intended to include the action of *Sutton v. Chapman*, pending on appeal in Columbia county.   There is certainly testimony to sustain this contention; but indisputably there is a serious conflict on that point.   It is not worth while to discuss the evidence in detail.   The circuit court found that the payment of the judgments involved in the creditors' suit was not understood or intended by the parties to be a settlement of the appeal action of *Sutton v. Chapman*, or of all pending litigation.   It cannot well be claimed that this finding is so unsupported by evidence that this court would be justified in setting it aside.

But the appellant insists that the writings made at the time between Hasey and McKenney furnish the best possible evidence of what took place and what the settlement was intended to include.   The writings consist of a statement of the amount of the judgment of *Sutton v. Chapman*, with costs and interest to April 4, 1884; also the judgment of *Roberts v. Chapman*, costs and interest to the same date, and a receipt by McKenney, as attorney of *Sutton*, of the payment of the entire amount mentioned in the statement. At this time the costs in the equity suit had not been taxed, and only a part were then paid.   Subsequently the costs were taxed and the remainder was paid to McKenney, who gave a receipt for the same.   These writings are a statement of the amount of the two judgments and an acknowledgment of payment.   They are properly receipts, affording most satisfactory evidence of a settlement of the equity suit, but not conclusive of the fact that such settlement was intended to include the case of *Sutton v. Chapman*, pending on appeal.   The appellant might well have supposed that

the settlement of the equity suit would stop all further litigation in pending actions between him and *Chapman;* but it is difficult to hold that the writings furnish clear and satisfactory evidence of that fact. The writings, being in the nature of receipts, are open to evidence as to whether the payment of the judgments in the equity suit was understood and intended at the time to be a settlement of the action pending on appeal in Columbia county. This manifestly was the view taken of the effect of these writings on the former appeal, when they were all before the court (64 Wis. 312), for the case was then sent back to have that question tried and determined. This would not have been done if in the view of the court the writings themselves afforded conclusive evidence that the settlement included the appeal suit.

It will be remembered that the equity suit was between different parties, and its settlement would not necessarily settle and dispose of that action. The law is well settled that payment of a judgment is no waiver of the right to appeal therefrom, or to bring a writ of error to review it. *Clark v. Pinney,* 6 Cow. 297; *Sturges v. Allis,* 10 Wend. 355; *Peyser v. Mayor,* 70 N. Y. 497; *Mann v. Ætna Ins. Co.* 38 Wis. 114; *Sloan v. Anderson,* 57 Wis. 124. " Coercion by law is where a court, having jurisdiction of the person and the subject matter, has rendered a judgment which is collectible in due course. There the party cast in judgment may not resist the execution of it. His only remedy is to obtain a reversal, if he may, for error in it. As he cannot resist the execution of it, when execution is attempted he may as well pay the amount at one time as at another, and save the expense of delay." *Peyser v. Mayor, supra.* Money paid under such circumstances may be recovered back on the reversal of the judgment, on the principle that it belongs *ex æquo et bono* to the party paying it. The appellant was endeavoring to collect his original judgment

by his creditors' bill, and continued to press that suit until it was settled. If, instead of taking this course, he had collected the judgment by execution pending the appeal therefrom, there would be no doubt of the right of the plaintiff herein to have the excess refunded to him.

The court finds that Hasey settled the equity suit and paid the amount of the judgment at the instance and request of the plaintiff. The appellant objects to the amount of the recovery in this action. We do not see any error in the judgment on that ground. On application the court will doubtless offset or deduct the judgment previously recovered by the appellant from this judgment. This will do justice to the parties.

It results from these views that the judgment of the circuit court must be affirmed.

*By the Court.*— Judgment affirmed.

Orton, J., dissents.