## CASE ET AL. v. COLLINS ET AL.

[No. 5,482. Filed January 11, 1906. Rehearing denied March 16, 1906.]

1. DESCENT AND DISTRIBUTION. — *Personalty.* — *Conversion.* — *Taking Title in Individual Name.*—Property purchased by the husband with money belonging to the wife, on deposit in a bank at her death, equitably belongs, two-thirds to her children and one-third to such husband. p. 499.

2. CONTRACTS.—*Family Settlements.*—*Consideration.*—A contract executed by the children of decedent, the surviving husband and the second wife, in settlement of the property interests in the deceased wife's estate, is supported by a sufficient consideration. p. 499.

3. PLEADING. — *Complaint.*—*Trusts.*—*Conversion of Funds.*—A complaint for the recovery of converted trust funds is good though it shows that by the terms of the contract creating the trust it shall continue until the death of the trustee, a cause of action arising immediately after the breach of such agreement by the trustee, and not after his death. p. 500.

4. CONTRACTS. — *Family Settlements.*—*Consideration.*—*Widow's Election.*—*Statutes.*—A family settlement by the second wife, the husband and the children of the deceased first wife, of the property rights in the estate of such decedent, is supported by a valuable consideration as to such second wife, and she has no right under §2665 Burns 1901, §2504 R. S. 1881, to a period of one year after such husband's death to decide whether she will be bound by such contract of settlement. p. 500.

5. TRIAL.—*Motion.*—*Venire de novo.*—Where the special findings follow the theory of a sufficient complaint, and contain the material facts therein alleged, a motion for a *venire de novo* because of defects therein should be overruled. p. 505.

6. APPEAL AND ERROR.—*Weighing Evidence.*—The Appellate Court will not weigh conflicting oral evidence. p. 506.

7. JUDGMENT.—*Pleading.*—*Prayer for Lien.*—*Decree for Transfer of Title.*—Where a complaint for the recovery of converted trust funds prays that a lien be declared therefor on certain real estate, the legal title to which is in a third party, a decree that the title thereto be vested in the trustee is without the issues. p. 506.

From Superior Court of Vigo County; *A. G. Cavins,* Special Judge.

Suit by Martha J. Collins and others against John W. Case and another. From a decree for plaintiffs, defendants appeal. *Reversed.*

*Louis Reichmann,* for appellants.

*A. A. Beecher, Charles Whitlock* and *Josiah T. Walker,* for appellees.

WILEY, J.—Appellees were plaintiffs below and brought this suit against appellants to declare a trust, to compel an accounting, and for the removal of the appellant John

W. Case as trustee. The complaint was in a single paragraph, to which a demurrer was overruled. Appellants answered separately in two paragraphs: (1) A general denial; (2) the agreement upon which appellants base their action was executed without consideration. At the request of the parties the court made a special finding of facts and stated its conclusions of law thereon. Appellants each ex-excepted to the conclusions of law. Their motions for a *venire de novo* and for a new trial were overruled. All these rulings adverse to them are assigned as errors.

The amended complaint is of unusual length, but its material averments are, in substance, as follows: The appellant John W. Case is the father of appellees. The appellant Martha P. Case is his wife and the step-mother of appellees, and she is the childless second wife of said John. Appellees are the children of appellant John by his first wife. On October 13, 1892, the appellees were all married, and on said day they, together with their husbands and appellants, executed a written contract, a copy of which is made an exhibit to the complaint. By the terms of said contract it was provided and agreed by all the parties that all surplus income arising from all real estate heretofore conveyed to each of appellees should be placed at interest for the benefit of appellees and the appellant Martha P. Case, each to have one-fourth interest in said surplus income and the accumulated interest thereon. It is then alleged that the conveyances herein referred to were all of the conveyances executed by appellees to each other, conveying a fee-simple title to certain real estate therein described, and in the execution of which appellant John W. Case, then a widower, joined as grantor on August 15, 1891; that all said deeds of conveyances were executed at the instigation and request of appellant John W. Case; that during the life of the mother of appellees she deposited to her credit in a certain bank in Terre Haute, Indiana, a sum of money; that she died on the — day of ———,

and left surviving her as her sole and only heirs appellant John W. Case and the appellees, her daughters; that afterward, without the knowledge of appellees, said appellant accepted in lieu of said deposit, and in full payment of the amount thereof, a deed from one ———————————, for certain real estate in the city of Terre Haute, designated in the contract filed herewith as "the house on Thirteen-and-one-half street, and which property is more particularly described as follows, to wit: [Here follows a minute description of the property]."

That at the time the agreement herein was entered into appellees were the equitable owners of the undivided two-thirds of said real estate, and, as one of the considerations for the execution of said agreement, appellees agreed that said Martha P. Case should have the legal title to said property, and contemporaneously with said agreement they executed to her a deed therefor; that she took possession thereof under said agreement and deed, and has ever since held and claimed said property with undisputed title, and has enjoyed the fruits and rents thereof, and has ever since held the same as her own; that prior to the execution of said agreement, appellant John W. Case, Martha J. Collins and her husband, and Sarah E. Vermillion and her husband deeded to appellee Mary F. Joseph by warranty deed certain real estate, which is specifically described; that prior to the execution of said agreement said John W. Case, Mary F. Joseph and her husband, and Sarah E. Vermillion and her husband conveyed to Martha J. Collins by warranty deed certain real estate which is specifically described; that prior to the execution of said agreement said John, Martha J. Collins and her husband, and Mary F. Joseph and her husband conveyed by warranty deed to Sarah E. Vermillion certain real estate, which is also specifically described. It is then alleged that each of said conveyances was made subject to the life interest of grantor, without designating any particular one of the sev-

eral grantors, and that each of said parties now is and was at the time of the execution of said contract the owner in fee simple of the respective tracts of real estate, "subject to the life interest of the grantor;" that in the contract heretofore mentioned between the parties there was this clause or expression: "All surplus income to lands heretofore deeded to said children," and it is averred that said clause had reference to, and meant, and was so understood by the parties to include, "all the rents and profits of and arising from all the real estate hereinbefore described, except the land conveyed to said Martha P. Case, known as the 'Thirteen-and-one-half street property,' less taxes and costs of repairs thereon, and less such part of said rents as might be required in addition to what said John W. Case received from the interest on said $1,400, referred to in said contract. * * * Also in addition to what said Case might receive from the use and control of the stock of goods referred to in said contract to defray the necessary living expenses of said Case."

It is then averred that as an inducement and consideration for the appellees and their husbands to join in the conveyance of the Thirteen-and-one-half street property to appellant Martha P. Case, John W. Case agreed by the terms of said contract to save all surplus income arising from the rents and profits of the real estate theretofore conveyed to appellees, and to place the remaining portion thereof at interest for appellees and said Martha P. Case, each to have an equal share thereof; that a further consideration for the execution of said contract was the determination and settlement of the respective rights of the several parties in and to the rents and profits of the real estate theretofore conveyed to appellees during the lifetime of said John W. Case; that by the terms of said contract it was intended and understood by the parties thereto that the appellant John W., as trustee for all the other parties, was to collect the rents and profits arising from the real

estate owned by appellees, and that he was to act as trustee in handling said rents and profits, and that as such he did receive rents and profits therefrom from appellees aggregating $4,383; that said appellant wrongfully and unlawfully in violation of said trust, with intent to cheat and defraud appellees, paid to his co-appellant Martha P., who wrongfully and unlawfully received and obtained possession of said money for the purpose of defrauding and assisting in defrauding appellees out of their part thereof, and that the appellant Martha P. conspired with her co-appellant and invested said money in real estate, taking the title thereto in her own name.

The complaint then sets out a description of the real estate, which it is alleged that appellant Martha P. purchased with said surplus income and had conveyed to her in her own name. It is then alleged that of the aggregate sum of $4,383, which appellant John W. received as rents and profits of said real estate appellees did not know and had no means of knowing what part thereof was necessary to be used in paying taxes and expenses of repairs, but that the same ought not to exceed $1,000, and that under said contract no part of said sum of $4,383 was either necessary or used in paying any expenses of said John W., outside of taxes and repairs on said real estate; that in the purchase of said real estate by the appellant Martha P. she, knowing her undue influence upon her co-appellant, from time to time, as said "surplus income" was collected from appellees, would take possession of the same, allowing the several sums to accumulate in her possession until some substantial payment could be made on one of the several pieces of real estate which she had purchased; that after such purchase the appellant Martha P. used the "surplus income" thereafter accumulated, belonging to appellees, in making lasting and valuable improvements upon said real estate, the title to which she had taken in her own name.

It is then alleged that $1,000 worth of valuable timber was taken from the real estate owned by appellees, made into lumber, etc., and used in making valuable improvements on the property which appellant Martha P. had purchased with said "surplus income;" that the appellant John W. has been unlawfully violating his trust in permitting his coappellant so to misuse the "surplus income" entrusted to him; that said John W. is wholly insolvent and unable to account to appellees for that part of the "surplus income" paid to him since the execution of said contract; that at the time of the execution of said contract the appellant Martha P. was without any money or property; that she has no other property or money except the surplus income herein alleged to be invested in said real estate; that much of the proceeds and rentals of the farm lands of appellees has been collected and taken possession of by appellants and by them unlawfully invested in property or other securities in the name of the appellant, Martha P.; that the amount of rentals secured in this manner is unknown to appellees; that appellants have not paid any part of said "surplus income" to appellees, nor have they paid anything for the timber taken from their lands; that appellees have frequently requested appellants to account to them for said "surplus income," but that they have failed and refused to do so. It is then alleged that the interest on the $1,400 has been fully paid to said John W. according to the provisions of said contract. The prayer of the complaint is that an accounting be taken of said trust property, and the rents, income and profits thereof which have come into the hands of appellant John W., and that whatsoever amount shall be found to be due appellees, or either of them, shall be declared a lien on the real estate which was purchased with said surplus income, the title to which was taken in the name of the appellant Martha P.; that said John W. be removed from the trusteeship, and that a successor be appointed in his stead, etc.

The contract to which reference is made is as follows:

"This agreement witnesseth, that whereas John Case has now on hands and in bank the sum of $1,440 and it is his desire to have the same saved for his children now living, now, therefore, he turns the same over to his children now living, to wit, Martha J. Collins, Mary F. Joseph and Sarah E. Vermillion, they to have the principal and all accumulated interest on same, except what is needed for a living for said John Case and his wife Martha, he to have the interest of the same as aforesaid, and now said Martha Case gets the legal title to the house on Thirteen-and-one-half street, and is to get the stock of goods now in the storeroom on West Main street in said city, but said John retains a life interest in said stock, and is to have absolute control of the same during his natural life. And at the death of said John, Martha, his wife, is to have as her share of said John's estate the sum of $400, now in the saving funds in her name and in the name of the said John, and is to have the aforesaid Thirteen-and-one-half-street real estate described in a deed of this date, and said John is to have the absolute control of all said property during all of his natural life; and in case of the death of said John first, it then goes to his wife, said Martha, who is also to have the household goods, the wagon, the horse and harness and the buggy, and said children, Martha J. Collins, Mary F. Joseph and Sarah E. Vermillion, hereby join in the conveyance of the land on conditions herein named, said John Case to pay taxes on same, this being a full and complete settlement of the estate of said John Case by and between all parties hereto.  All surplus income of lands heretofore deeded, to said children shall be saved and placed at interest for said children after payment of taxes, repairs and expenses of said John, said wife Martha to have a share equal with said children in same."

The complaint proceeds upon the theory that under the contract between the parties an express trust was created; that the appellant John W. Case was named therein as trustee, and that the appellants connived together and

converted the trust funds, designated in the complaint and contract as "surplus income," to the sole use and benefit of the appellant Martha P. The complaint is not by any means a model pleading, and it is not specifically stated therein how appellant John W. Case or the appellees derived their title to the several tracts of real estate which were conveyed to appellees in 1891. It appears from the record, however, that they derived their title through the mother of appellees, the first wife of appellant John W. Case, in which the latter had a life estate. It would seem, therefore, that while said appellant was a widower they agreed to a partition of the real estate, and they all joined in deeds conveying to each of appellees a portion thereof. In all of said deeds there was a reservation of a life estate in "the grantor." There is not even a specific averment in the complaint that such reservation was for the use and benefit of said appellant, but we think it is clearly manifest that that was the intention. It is shown by the complaint that at the time of the death of the first wife of John W., the mother of appellees, she had to her credit in the bank some money, and that in lieu thereof the appellant John W., without the consent or knowledge of appellees, accepted a deed for certain property designated in the complaint as "the Thirteen-and-one-half street property," and that he took the title thereof in his own name. Under these averments appellees had an undivided two-thirds interest in said property, for it was purchased with money, or taken in lieu of money, in which they were entitled to share, and equity would follow such money into the property thus purchased, and give to them their interest therein. After the marriage of John W. to his co-appellant, it seems that the parties in interest here, got together and attempted to make a settlement of all property matters between them, and especially as to the Thirteen-and-one-half street property.

In our judgment there was ample consideration passing between the parties to support the contract entered into.

Two objections are urged to the complaint by appellants: (1) That the contract declared upon is executory, and does not take effect until after the death of John W. Case; (2) that appellant Martha P. Case is not bound by the contract, and has one year after the death of said John W. to make an election as to whether she will be bound by the contract or not. We do not think that either of these objections is tenable. While it is true that the contract is executory in the sense that it is a continuing contract until the death of John W., it does not necessarily follow that he or his co-appellant is authorized to violate the terms of the contract, and appropriate all surplus income arising thereunder to their own use. The contract creates a continuing trust during the lifetime of John W., and makes him the trustee for all the parties. It therefore becomes his duty to receive all the money arising under such trust, and to account for it according to the terms of the same. The complaint shows that he has received a large sum of money as such trustee, and that he has unlawfully disposed of the surplus income, to the detriment of the appellees.

We are unable to see any real foundation for the second objection to the complaint, and none has been brought to our attention. Appellant Martha P. certainly received a valuable consideration for entering into the contract, for she received a deed conveying to her a fee-simple title to valuable property, in which her co-appellant and the appellees joined. Prior to the execution of that deed they all had an interest in that property, and they parted with their interest therein for her use and benefit.

Counsel for appellant relies upon §2665 Burns 1901, §2504 R. S. 1881, to support his contention that appellant Martha P. is not bound by the contract, and has a year after the death of her husband to elect, etc. A mere refer-

ence to that statute in connection with §2663 Burns 1901, §2502 R. S. 1881, will be sufficient to show that it has no application under the facts in this case. Section 2663, *supra,* provides: "The jointure of the wife, if consisting of real estate, must not be less than a freehold estate in lands, to take effect, in possession or profit, immediately on the death of the husband." Section 2665, *supra,* provides that if before coverture, or if after coverture, any such jointure or pecuniary provision shall be assured or given for her jointure, in lieu of her right to one-third of the lands of her husband, she shall make her election within one year after the death of her husband, whether she will take such jointure or pecuniary provision, or whether she will retain her right to one-third of the lands of her husband. It is plainly evident that this contract was not made in lieu of her interest in her husband's real estate. From the complaint it is made clear that he did not possess any real estate except that which was conveyed directly to Martha P., in which appellees and their father had a joint interest, and in which deed they all joined. True, he had a life interest in the real estate conveyed to appellees, but that interest would cease to exist from the moment of his death. Under the agreement between all the parties appellant Martha P. became the owner in fee simple' of the real estate conveyed to her, and which absorbed all of the real estate in which her husband had any fee-simple right. Our conclusion is that the complaint was sufficient, and the demurrer thereto was properly overruled.

By the special findings the following facts are exhibited: Appellant John W. Case is the father of appellees. Nancy Jane Case was the mother of appellees. She died January 12, 1884, and left surviving, as her sole and only heirs, appellant John W. and his children, appellees. At the time of the death of Nancy she had on deposit in the bank $750. After her death the bank failed, and the appellant John W. received in full settlement a portion of said sum, with

which he purchased certain real estate, which the finding specifically describes, and took the title thereto in his own name. On August 13, 1892, appellees were claiming to be the owners of an undivided interest in said real estate as heirs of their mother, and as part owners of the money with which said real estate had been purchased. On August 13, 1892, appellants were husband and wife, and are now. On August 15, 1891, appellant John W. was a widower. On the last-named date he joined in a deed to appellee Sarah E. Vermillion, conveying to her certain real estate, describing it. At the time of said conveyance said John W. was the owner of a life estate in said real estate, and joined in the deed for the purpose of partition, and reserved for himself his life estate therein. On said date he also joined in another deed to the appellee Sarah E. Vermillion and her husband, conveying to them certain real estate, specifically described, in which lands he owned a life estate, but joined therein for the purpose of partition, and reserved to himself such life estate therein. On said day he joined in a like conveyance to appellee Mary F. Joseph and her children, conveying to them certain real estate, which is described. He was at the time the owner of a life estate therein, and joined in said deed for the purpose of partition, reserving to himself said life estate. On the same date he joined in a deed to appellee Mary F. Joseph, conveying to her certain described real estate in which he owned a life estate, and joined in said deed for the purpose of partition, and reserved unto himself said life estate. On the same day he joined in two deeds to the appellee Martha J. Collins, conveying to her certain described real estate. He also owned a life estate therein, and joined in said deeds for the purpose of partition, and in each of them reserved his life estate therein. The appellant John W. is now and has been ever since August 15, 1891, the owner of a life estate in all of the lands in which he at that time joined in conveying. On August 13, 1892, ap-

pellees, with their respective husbands, joined with appellant John W. in the execution of a deed to the appellant Martha P., and thereby conveyed to her in fee simple the real estate which John W. purchased with the money belonging to his wife, and the title to which he took in his own name. Appellants, in consideration of the execution by appellees and their husbands to the appellant Martha P. Case of the deed executed on August 13, 1892, entered into a contract with appellees and their husbands as follows, to wit. [Here the court set out in its special findings the contract between the parties in full, which contract appears in a former part of this opinion.] The court then finds that the phrase "lands heretofore deeded to said children," in the contract refers to the lands conveyed to the appellees in the several deeds which the findings show were executed on August 15, 1891, and that the phrase: "Thirteen-and-one-half street real estate described in a deed of this date" refers to the property conveyed to appellant Martha P. as heretofore found. It is then found that the appellant John W., since the execution of the agreement, has received as income from the lands conveyed to appellees, as heretofore found, all the rents and profits of said lands, and has paid all the taxes and liens and assessments against the same, and has accumulated a surplus above his expenses of caring for the property, and above his expenses of collection and disbursement of the funds, and above his living expenses and those of his co-appellant Martha P. the sum of $1,500, which said sum he put out of his hands and into the hands of his co-appellant, who, knowing its character, with the same purchased certain real estate, which the finding specifically describes, and took the title in her own name, and has ever since held the same adversely to appellees. The appellant John W., out of the income from said real estate, had remaining, above all his expenses and the purchase price of the real estate to which his co-appellant took title, sums of money sufficient for, and with which he

has made, certain valuable improvements upon said real estate, and that he now has nothing on hand derived from the income of said real estate. Said John W. is unable to read and write, can not keep written or book accounts, is unlearned, can not calculate in figures, and is aged and bodily infirm. He kept no account of the funds received by him as income from the lands hereinbefore described, and does not know how much he received or expended, and is wholly unable to give any account of such money, and is incompetent to collect and care for the same in the future.

Upon these findings the court stated its conclusions of law as follows: (1) That by the execution of the contract appellant John W. declared a trust to which he himself was to be trustee in such part of the income, from all sources from said lands that should come into his hands, as remained after the payment of all legal taxes, assessments and repairs on said property, and for all said sums as might be necessary to defray his expenses in caring for said property and managing said trust, together with such sums as might reasonably be required to provide a living for himself and wife until his death, which said surplus sum was to be placed at interest for the benefit of appellees and the appellant Martha P., who alone are entitled to share therein. (2) That the parting of the $1,500 by him to his co-appellant, and her retention thereof, and the investment thereof by her in real estate, the title to which was taken in her own name, was and has been ever since continuously held adversely to appellees, in violation of said trust and the agreement declaring the same, and that said real estate ought to be held and preserved for the benefit of the the appellees and the appellant Martha P. Case. (3) That the appellant John W. Case ought to be removed as such trustee, and a successor to him should be appointed, and that the title to the real estate described in finding number fifteen, to wit, the real estate purchased with the trust funds, the title to which was taken by the appellant

Martha P., ought to be vested in such trustee for the purposes of such trust.   (4)  That the appellees ought to recover from the appellants their costs, etc.

The decree entered by the court on the special findings and conclusions of law was to the effect that John W. Case should be removed as trustee, and that James P. Stunkard be appointed in his stead.   The latter was to execute a bond in the sum of $3,000, and he was "hereby vested as such trustee with all of the title of the defendants Martha P. Case and John W. Case, in and to the following described real estate in Vigo county, Indiana, to wit." [Description of the real estate which is referred to and described in special finding number fifteen.]   Said trustee was ordered to take charge of said real estate and collect all rents and profits and income therefrom, as well as from all of the real estate which was conveyed to the several appellees in 1891.   From the moneys so received he was directed to pay the expenses of the trust, all sums required for the proper preservation of the property, all taxes and assessments and the reasonable living expenses of appellants while appellants should remain husband and wife, and place the remainder, if any, at interest for the benefit of appellees and the appellant Martha P. Case, etc.

Appellants' motion for a *venire de novo* was based upon three grounds:   (1)  That the special findings were so defective, uncertain and ambiguous that no judgment could be rendered thereon; (2)  that the special findings do not assess appellees' damages; (3)  that the findings contained the evidence and not facts established by the evidence.   We do not think this motion is well taken, for the special findings follow the theory of the complaint, and substantially find all of the material facts as disclosed by the evidence.   There was no error in overruling the motion.

Appellant's motion for a new trial contains eighteen reasons:   (1)  That the decision of the court is contrary

to law. (2) That the decision of the court is not sustained by sufficient evidence. From the third to the eighteenth reasons, inclusive, the motion goes to the sufficiency of the evidence to sustain each specific finding. There is evidence in the record supportive of each of the several specific findings, and, this being true, we are not authorized to disturb the judgment below.

Keeping in mind that this is not an action to set aside a conveyance as fraudulent, we are inclined to the view that the court's third conclusion of law is erroneous, because it is without the issue. It goes to the extent of declaring that the title to the real estate, which the court found had been purchased with trust funds, and the title to which was taken in the name of the appellant Martha P., should vest in the trustee for the purposes of the trust. Appellees in their complaint go only so far as to assert that they are entitled to a lien against said real estate so held by the appellant Martha P. to secure to them the payment of their pro rata interest therein. The third conclusion of law upon this question is not, therefore, within the issues, and is erroneous.

The judgment is therefore reversed, with instructions to the trial court to restate its conclusions of law in harmony with this opinion.