WAGONER NAT. BANK v. WELCH et al.

(Circuit Court of Appeals, Eighth Circuit. October 30, 1908.)

No. 2,733.

1. CHATTEL MORTGAGES (§ 162*)—MORTGAGED PERSONAL PROPERTY—MORTGAGEE HAS RIGHT TO POSSESSION AFTER DEFAULT UNTIL PAYMENT OF DEBT.

Where a mortgagee is rightfully in possession of mortgaged personal property after default, he has the right to retain possession until the mortgage debt is paid by the sale of the property or otherwise, and it is error to adjudge him to pay to the mortgagor the difference between the amount of the mortgage debt and the value of the mortgaged property.

The right of the mortgagor to the possession of the property is conditioned by the payment of the mortgage debt, but the right of the mortgagee to its possession is not conditioned by his payment of the difference between the value of the property and the amount of the mortgage debt.

[Ed. Note.—For other cases, see Chattel Mortgages, Cent. Dig. § 286; Dec. Dig. § 162.*]

2. JUDGMENT (§ 251*)—JUDGMENT MUST ACCORD WITH PLEADINGS AND PRAYERS THEREIN.

A valid judgment must accord with the pleadings, and must rest upon a determination of the issues which they present.

A judgment against a party to an action for the value of specific personal property may not be sustained upon pleadings which raise no

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

issue concerning its value and contain no prayer for such a recovery, but demand a return of the property by the marshal in whose possession it is.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 432; Dec. Dig. § 251.*]

(Syllabus by the Court.)

In Error to the United States Court of Appeals in the Indian Territory.

For opinion below, see 104 S. W. 610.

Robert F. Blair, for plaintiff in error.

W. S. Wolfenberger and Thomas A. Jenkins, for defendants in error.

Before SANBORN and HOOK, Circuit Judges, and PHILIPS, District Judge.

SANBORN, Circuit Judge. The Wagoner National Bank, a corporation, brought an action upon a promissory note for $584.25 and upon a mortgage on certain personal property to secure the payment of this note, which the plaintiff alleged that the defendants made, and demanded judgment for the amount of the note, for $50 damages, for costs, and for general relief. It filed an affidavit and undertaking in replevin, and caused a writ of replevin for the mortgaged property to be issued, and a portion of it was taken from the defendants under this writ and delivered to the bank. At the same time the bank caused a writ of attachment to issue under which the marshal seized certain property of the defendants which was not mortgaged. The defendants answered that they owed the plaintiff only $350; that about February, 1903, they were coerced to sign the note and mortgage for $584, but that the only amount they received therefor was $350 paid to them about March 4, 1902; that the difference was usurious interest; that the allegations in the affidavit for replevin and in the affidavit for attachment were false; and they prayed that the property delivered to the plaintiff by virtue of the writ of replevin be returned to them, and for $500 damages, that the writ of attachment be dissolved, and that the property seized by the marshal thereunder be returned to them, and that they recover $500 damages for the wrongful suing out of the writ of attachment, the taking and detention of the property. The case was tried without a jury in the absence of the plaintiff. The court found that the note for $584.25 was usurious and void except to the extent of $350, that the mortgaged property replevined was worth $505, that the plaintiff was entitled to the possession of property named in the mortgage to satisfy its just claim of $350, that the defendants were entitled to recover of the plaintiff the difference between $505 and $350, or $155, on account of the mortgaged property replevined, that no grounds for the issue of the attachment existed, that the value of the attached property was $245, and that the defendants were entitled to recover $155 plus this $245, making in all $400, and it rendered judgment against the bank for that amount. This judgment was

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

affirmed by the Court of Appeals of the Indian Territory, and that affirmance is now challenged.

No evidence and no bill of exceptions appear in the record in this case, and the question is whether or not the judgment can be sustained upon the pleadings and the findings of the trial court. Two classes of personal property were involved in this action, mortgaged property worth $505 seized under the writ of replevin and delivered to the mortgagee, the plaintiff, and property worth $245 seized and held by the marshal under the writ of attachment. The court found that the plaintiff was entitled to the possession of property named in its mortgage to satisfy its just claim of $350, and rendered judgment against it for $155, the difference between the amount of its mortgage debt and the value of the mortgaged property. This was a radical error. The plaintiff, the mortgagee, had the right to the possession of the mortgaged property until its just claim of $350 was paid. If the defendants did not pay it, the plaintiff had the right to sell so much of the mortgaged property as it was necessary to sell to realize the $350 and the costs of the sale, and the extent of the right of the defendants was to recover the surplus, if any, remaining after the $350 and costs were paid. Upon default in the payment of a debt secured by a mortgage, the burden is upon the mortgagor and not upon the mortgagee. His right to any of the mortgaged property is conditioned by his payment of the debt, either out of the proceeds of a sale of the property, or otherwise. The right of the mortgagee to enforce his lien upon and to collect his claim out of the mortgaged property is not conditioned by his payment of the difference between the amount of the debt due to him and the value of his security, and yet that was the effect of this judgment. It compelled the mortgagee to pay the difference between the amount of the mortgage debt and the value of the mortgaged property in order to collect anything out of the latter. The judgment should have been to the effect that the mortgagors pay to the mortgagee, within a time certain, the $350 and costs of the replevin, that upon such payment the mortgaged property replevined be returned to the defendants, and that upon default in such payment so much of the replevined property as should be necessary be sold at public auction upon due notice to satisfy the plaintiff's claim of $350 and costs, and that the remainder of the mortgaged property, or of its proceeds, if any, be returned to the defendants.

We turn to a consideration of the property attached. The court rendered judgment against the plaintiff for $245, which it found to be the value of the defendants' property which was not mortgaged, but which was taken and held by the marshal under the writ of attachment. The record in reference to this property is that it was seized by the marshal under a writ of attachment sued out by the plaintiff in this case, that the defendants by an answer denied the allegations in the affidavit for the attachment and prayed that the attachment be dissolved, that the attached property be ordered to be restored to them, and that they recover of the plaintiff $500 damages for the wrongful suing out of the attachment and the taking and detention of their property. The court found "that no grounds for the attachment existed, that the attached property was worth $245," and rendered judgment against the plaintiff for that amount. The proposition is not denied that the defend-

ants, upon proper averments of the wrongful seizure of their property under the writ issued at the instance of the plaintiff and upon an allegation of its value, might have recovered of the plaintiff damages equivalent to its value. But their answer contained no averment of the value of the property and no prayer for any recovery of its value or of any damages on account thereof. On the other hand, it expressly prayed for an order that the attachment be dissolved, and that the property in the hands of the marshal, which consisted of domestic animals seized by him under the attachment, and which, according to the record, had never been delivered to the plaintiff but were still in the possession of the marshal, should be returned to them. In other words, the record contains no claim or issue presented by the pleadings relative to the value of the attached property or relating in any way to a recovery of the value thereof from the plaintiff, but a distinct prayer in the answer of the defendants that the specific property in the hands of the marshal under the writ be returned to the defendants. One may not bring his suit upon one cause of action and recover upon another. He may not base his cause of action upon a claim for an order that an attachment be dissolved and property in the possession of an officer thereunder be ordered to be restored to him, and recover the value of that property of a party to the suit as for conversion by him. In the case at bar the plaintiff was neither present nor represented at the trial of this action, and this salutary rule is of paramount importance in cases of this nature, because without it judgments might be rendered against parties upon claims of which they had never received notice. A valid judgment must accord with the allegations and prayers of the pleadings and determine the issues which they present. The judgment here rendered does neither and it cannot be sustained. Reynolds v. Stockton, 140 U. S. 254, 261, 266, 268, 11 Sup. Ct. 773, 35 L. Ed. 464, and cases there cited; Munday v. Vail, 34 N. J. Law, 418.

In the briefs of counsel in this case there is much discussion of the question whether or not this was an action of replevin or a simple suit upon a promissory note for money, but it is unnecessary to discuss or decide that question. The plaintiff set forth in its complaint its note, its mortgage, a specific description of the mortgaged property, its demand of payment of the note and the defendants' default, and prayed for judgment for the amount of the note, costs, and general relief, and the defendants joined issue upon and tried the question of the right of possession of the mortgaged property and of the attached property. These pleadings were sufficient in any event to sustain proper proceedings by the court to seize the mortgaged property and to apply it to the payment of the debt it secured, and, whatever the class or name of the action, the errors in the judgment which have been pointed out are fundamental.

The judgment is not sustained by the pleadings and the findings of the court, and it cannot stand. Accordingly, the judgments of the courts of the Indian Territory herein must be reversed, and the case must be remanded to the proper court of the state of Oklahoma with directions to grant a new trial, and it is so ordered.