## MOORE v. MOORE.

[No. 11,032. Filed May 12, 1922. Rehearing denied June 23, 1922. Transfer denied February 26, 1924.]

1. JUDGMENTS.—*Motion to Modify.—Office of.*—The office of a motion to modify a judgment is to so change it as to make it follow the finding (or verdict), and has nothing whatever to do with the finding. p. 171.

2. JUDGMENTS.—*Motion to Modify.—After Term.—Rule Stated.*—The record of a judgment rendered at a former term can only be amended or corrected when there is something in the record, or some note, minute or memorandum, by which the record may be amended or corrected. p. 171.

3. JUDGMENT.—*Motion to Modify.—Cannot Perform Function of Motion for New Trial.*—A motion to modify a judgment cannot perform the function of a motion for new trial, and where the only purpose of a motion to modify the judgment is to correct an alleged mistake in the finding, the motion and the court's action thereon at a subsequent term are ineffective, and if statements in the finding are then stricken therefrom, the finding stands as originally written. p. 171.

4. TRIAL.—*Finding of Court.—Correction During Term.*—Where erroneous statements are made in a finding of the court, as a result of a misunderstanding of the facts stated, the court has the power, at any time during the term, while the record is *in fieri*, to make any desired correction, for the record is then under the absolute control of the court. p. 171.

5. JUDGMENTS.—*Beyond the Issues.—Validity.*—A judgment which the court attempts to render on an issue which is not presented is a nullity. p. 173.

6. DIVORCE.—*Jurisdiction.—Limited Divorce.*—Where the only issues before the trial court were the right of a husband to the annulment of the marriage and for absolute divorce, the court has no authority to render a decree of separation for a limited time. p. 174.

7. APPEAL.—*Divorce.—Agreement as to Terms of Decree.*—In an action for divorce, where the only issues were as to the

husband's right to the annulment of the marriage or to an absolute divorce, the husband's agreement as to the time of separation and as to alimony, there being no consideration for said agreement, did not preclude his appealing from the decree for a limited divorce, where the record contains evidence that he did not understand that his agreement precluded him from appealing. p. 174.

8. APPEAL.—*Waiver of Right.*—*By Agreement.*—The right of appeal is favored in law, and it will not be held to have been waived except on clear and decisive grounds, and unless the intention to waive is clear and unmistakable, and an agreement to waive must generally be supported by some consideration. p. 174.

From Marion Superior Court (A7,641) ; *Solon J. Carter,* Judge.

Action by Emma Moore against John Moore for support, in which the defendant filed a cross-complaint in two paragraphs, one for annulment of marriage, the other for absolute divorce. After dismissal of the complaint, the court granted a decree of limited separation to the defendant, from which he appeals. *Reversed.*

*Walker & Hollett,* for appellant.

*Charles T. Williams* and *William E. Reiley,* for appellee.

NICHOLS, J.—Action by appellee against appellant for support. Appellant filed an answer in denial, and a cross-complaint in two paragraphs, the first for annulment of the marriage, and the second for absolute divorce. Thereafter, such proceedings were had as that on July 3, 1920, being in the June term, appellee dismissed her complaint and the court found against appellant on each of his paragraphs of cross-complaint, and thereupon made further finding and judgment as follows:

"And the court does find that owing to such constant strife between both parties as to render their living together intolerable, that under said first paragraph of

complaint there should be a separation from bed and board for a limited time, and by agreement of counsel for all parties as to what such limited time should be, finds that said time should be ten years, and by agreement of counsel for all parties, the court finds that cross-complainant shall pay to cross-defendant, as alimony the sum of $50 each and every month, said payments to begin July 1, 1920, and decrees no further upon the rights, property, estate or maintenance of either party hereto, and further finds that the cross-complainant should pay to cross-defendant the sum of $250 as attorney's fees for said cross-defendant and that said sum be paid in five monthly installments beginning the first day of July, 1920. It is therefore ordered, adjudged and decreed by the court that defendant is denied an absolute divorce and that the defendant hereto be granted a separation from bed and board for a period of ten years, and that the cross-complainant pay to cross-defendant the sum of $50 each month from July 1, 1920, and that cross-complainant pay to cross-defendant for attorney's fees the sum of $250.00, said sum to be paid in five monthly installments of $50.00 each the first payment beginning on the 1st day of July, 1920, and that defendant pays the costs herein."

Appellant's motion for a new trial was filed July 17, 1920, assigning that the decision was contrary to law, that it was not sustained by sufficient evidence, and that the damages were excessive. Thereafter, on September 8, 1920, being the September term, appellant filed what he calls a motion to modify the judgment, but which is, in fact, a motion to modify the general finding of the court, and which in no way, asks for a modification of the judgment. Such motion asks for a modification of the finding in that:

"The words 'By agreement of counsel' and 'By agreement of counsel for all parties' and that the following

words set out in said judgment to-wit: 'The court finds that said cross-complainant shall pay cross-defendant as alimony the sum of $50 each and every month, said payments to begin July 1, 1920, and decrees no further upon the rights, property, estate or maintenance of either party hereto,' may be stricken out of said judgment."

Appellant giving reasons therefor which, in effect, are that such portion of the finding is contrary to law. The office of a motion to modify a judgment is to so change it as to make it follow the finding and has nothing whatever to do with the finding. *Brown* v. *Conlin* (1920), 73 Ind. App. 630, 128 N. E. 360. Thereafter, to wit, on November 8, 1920, being in the October term, the court, over the objection and exception of appellee, sustained said motion to modify in part, and overruled it in part.

It will be observed, of course, that the above expressions which appellant seeks to have stricken out of the judgment are not found therein, and that therefore the motion to modify is without merit. But if the motion had been to modify the finding by striking such expressions therefrom, it must still be ineffective, for it is not based upon anything in the record or any note or memorandum by which the record may be corrected.

It is stated in 2 Watson's Revision Works Practice §2385, that it is the well-settled rule that the record made at the former term can only be amended or corrected when there is something in the record, or some note, minute or memorandum by which the record may be amended or corrected. A long list of Indiana authorities are there cited to sustain this rule. It is understood, of course, that we are not speaking of clerical misprisions. The motion to modify cannot perform the office of a motion for a new trial, and the motion to modify in this case and the court's action thereon

constitute a proceeding not known to our practice. It follows that the finding of the court herein stands as originally written. Assuming that the statements in the finding objected to by appellant were the result of misunderstanding, had appellant called the court's attention thereto at the time or at any time during the term, while the record was yet *in fieri*, the court could and no doubt would have made the desired correction for the record was then under the absolute control of the court. *Livingston* v. *Livingston* (1921), 190 Ind. 223, 130 N. E. 122; *Obenchain* v. *Comegys* (1860), 15 Ind. 496; *Vesey* v. *Day* (1910), 175 Ind. 406, 411, 94 N. E. 481; *Kirkpatrick* v. *Hunt* (1917), 186 Ind. 233, 236, 115 N. E. 781.

The issue presented in this cause by the first paragraph of cross-complaint was as to the right of appellant to have his marriage to appellee nullified.

5. The issue presented by the second paragraph of cross-complaint was as to the right of appellant to an absolute divorce from appellee. No other issue was presented. The court found upon each of these issues against appellant, that he was not entitled to have the marriage declared null and void and that he was not entitled to an absolute divorce. This decision of the court decided all the issues that were presented to it. But, after so deciding, the court presumes to decide another question which was not presented to it and which involved an entirely different statute than the regular divorce statute, and an entirely different issue than the one presented, and without warrant of issue or law, it decreed a separation, and support money by monthly installments. No question of law is better settled than that a judgment which a court attempts to render upon an issue which is not presented is a nullity. *Wagoner Nat. Bank* v. *Welch* (1908), 164 Fed. 813, 90 C. C. A. 589; *Howard* v. *Scott* (1910), 225 Mo. 685, 125

S. W. 1158; *Benoliel* v. *New York, etc., Brewing Co.* (1911), 129 N. Y. Supp. 606, 144 App. Div. 651; *Tensas Delta Land Co.* v. *Ferguson* (1911), 128 La. 171, 54 So. 708; *Anglea* v. *McMaster* (1906), 17 Okla. 501, 87 Pac. 660; *McLachlan* v. *Gordon* (1915), 86 Wash. 282, 150 Pac. 441; *Waldron* v. *Harvey* (1904), 54 W. Va. 608, 46 S. E. 603, 102 Am. St. 959; *Boardman* v. *Griffin* (1875), 52 Ind. 101; *Smith* v. *McDonald* (1912), 49 Ind. App. 464, 93 N. E. 556; *Case* v. *Collins* (1906), 37 Ind. App. 491, 76 N. E. 781.

It is apparent in this case that the finding of the court to the effect that there should be a separation of appellant and appellee for a limited time and a 6-8. decree of the court to that effect is wholly without authority of law, and that it cannot stand unless appellant has, by the alleged agreement as to the time of separation and as to alimony, precluded himself from an appeal to this court upon the main question. It is to be observed that there was no agreement that the court should enter a decree of separation for a limited time. We assume, without deciding, that after the court's announcement that there would be a decree of separation for a limited time, there must have been some conference between the court and counsel as to the length of time the separation should be decreed, and as to the amount of alimony, and that out of this grew the misunderstanding between the court and appellant's counsel that the time of separation and the amount of alimony was agreed upon. Appellant received no consideration for such an agreement and no benefit arising therefrom enured to him. It is apparent that he did not understand that he had thereby precluded himself from an appeal, for, within a few days after that time, he filed his motion for a new trial in preparation for an appeal, and thereafter, apparently upon the discovery of the form of the finding, he made

his motion to modify, all of which indicates that he did not understand that there was no appeal from the finding and decree of the court. It is a well-established principle that the right of appeal is favored in law, and it will not be held to have been waived except on clear and decisive grounds. *Hixon* v. *Oneida County* (1892), 82 Wis. 515, 52 N. W. 445; 3 C. J. 665; 2 Ency. Pleading & Practice 173; *Sloane* v. *Anderson* (1883), 57 Wis. 123, 13 N. W. 684, 15 N. W. 21; *Chapman* v. *Sutton* (1887), 68 Wis. 657, 32 N. W. 683; *Wishek* v. *Hammond* (1900), 10 N. D. 72, 84 N. W. 587; *Johnson* v. *Clark* (1877), 29 La. Ann. 762.

In *Johnson* v. *Clark, supra,* the court held that the acts should be unequivocal to authorize a presumption of abandonment of so important a right, and that it is not the duty of courts to obstruct the right of appeals. In that case the court could find no satisfactory evidence that the defendant agreed to stop litigation and not to take an appeal from the court's order, saying that such might have been the understanding of plaintiff's attorneys of the effect of the arrangement, but that there was no satisfactory proof that the defendant or his attorney so understood it or intended to waive any right of appeal.

In *Dawson* v. *Condy* (1821), 7 Serg. & Raw. (Pa.) 366, it was held that the right of appeal may be waived by the conduct of the parties but the intention to waive must be unmistakable, and that there must be a sufficient consideration.

In *Mundy* v. *Hart* (1908), 111 S. W. (Tex.) 236, the verdict of the jury required the defendants to perform a certain act in an indefinite time, but the following statement and decree is found of record: "But, however, upon the request of all the defendants, expressly made in open court and consented to by plaintiffs, it is ordered by the court that the defendants be and are

hereby given a period of six months from and after this the 3rd day of April, 1907, within which to construct said culvert and comply with said above order and decree with reference thereto, the said defendants agreeing in open court that they will so comply."

After affirmance on appeal, on petition for rehearing, the court says: "In affirming this judgment we did so upon the theory that the statement in the decree evidenced defendant's consent to it, and amounted to a waiver of all errors. But upon reconsideration we conclude that this view was unwarranted. The statement in the decree is only evidence that defendants expressed a willingness to construct the culvert or flume within six months, and that this was satisfactory to plaintiffs. The case had been tried, verdict rendered, and the question was the entry of the decree. Under the verdict defendants were entitled to an indefinite time in which to construct the flume. The agreement as to six months, embodied in the decree, was not a contract based upon any consideration or concession from plaintiffs, and was nothing more than the naked declaration of defendant of its willingness at that time to make the structure in six months. There was nothing to prevent defendants from abandoning this, if they saw fit, and prosecuting an appeal."

While these cases are not directly in point, we think that they exemplify the principle here involved. The intention to waive must be clear and unmistakable, and generally there must have been some benefit received under the decree, or some consideration for the agreement.

In this case, we are not satisfied that there was any intention on the part of appellant to waive his right of appeal, and it will therefore be entertained. We further hold that the judgment, being without any issue to support it, is contrary to law.

The judgment is reversed, with instructions to grant a new trial.

McMahan, J., concurs in result.