[No. 6791.   Decided December 20, 1907.]

## TENA BUTLER, *Appellant*, v. SUPREME COURT OF THE INDEPENDENT ORDER OF FORESTERS, *Respondent*.[1]

CORPORATIONS—PROCESS—ACTIONS—VENUE—FOREIGN CORPORATION
—HAVING NO AGENT IN STATE.   Laws 1901, p. 356, § 6, requiring bene-
ficial associations to appoint the state insurance commissioner, at
Olympia, their statutory agent upon whom service of process may
be made, does not require that actions against them be commenced
in Thurston county, when such an association has no office or agent
in the state for conducting its general business; Bal. Code, § 4854,
requiring actions against a corporation to be commenced in the
county where it. has an office or any person resides upon whom
process may be served not applying in such a case.

Appeal from a judgment of the superior court for Spokane
county, Huneke, J., entered February 7, 1907, dismissing an
action on a benefit insurance certificate, after a trial on the
merits before the. court without a jury.   Reversed.

*Belden & Losey*, for appellant.

*M. C. King* and *Samuel R. Stern*, for respondent.

DUNBAR, J.—This action was brought by appellant to re-
cover on a certain benefit certificate issued to one August
Schneider, wherein appellant is named as the beneficiary.
Service was made upon the defendant, a foreign corporation,
on the 14th day of February, 1906, by leaving with M. C.
King, the deputy. supreme chief ranger and financial secre-
tary, at Spokane, Washington, true copies of the summons
and complaint.   Afterwards service was made upon the com-
missioner of insurance, who, by the provisions of the statute
of 1901 relative to beneficiary societies, is made the statutory
agent for the purpose of service of process upon a foreign
corporation or beneficiary society.   The respondent appeared
and, by way of answer, set out .as its plea in abatement the
fact that the superior court of Spokane county had no juris-

[1] Reported in 93 Pac. 66.

diction of the case, for the reason that the service was had upon the commissioner of insurance in Thurston county, and that all actions against a foreign corporation must be brought in the county where the statutory agent resides. Upon such plea the court entered a judgment dismissing the complaint, for the reason that the superior court of Spokane county had no jurisdiction to try the cause, to which order appellant excepted and this appeal is taken.

The respondent relies upon the case of *Hammel v. Fidelity Mutual Aid Ass'n*, 42 Wash. 448, 85 Pac. 35. There action was brought upon an accident insurance policy, and the suit was instituted in Snohomish county. The defendant was a foreign corporation. The summons was personally served upon one C. G. Heifner, who had been appointed statutory agent by the defendant, and who was served in King county. The defendant interposed a motion to dismiss the cause on the grounds that it was a foreign corporation; that at the time of the service of summons it had no office for the transaction of business in Snohomish county.; that no person resided in said county upon whom process against the defendant might be served, and that the court was therefore without jurisdiction. The motion was supported by affidavit showing that, at the time of the service upon Mr. Heifner, the statutory agent of defendant, he was, and for a long time prior thereto had been continuously, a resident of Seattle, King county, and that he was then such a resident. This service was held bad by this court by reason of the doctrine announced in *McMaster v. Advance Thresher Co.*, 10 Wash. 147, 38 Pac. 670, and such holding was a construction of Bal. Code, § 4854 (P. C. § 310), which provides that an action against a corporation may be brought in any county where the corporation has an office for the transaction of business, or any person resides upon whom process may be served against such corporation. But that statute is not involved in the case at bar. This is a special statute relating to beneficiary societies who are not authorized to appoint agents in counties where they do their principal

business, but the law arbitrarily imposes upon them the duty of appointing the commissioner of insurance of this state, not as an agent to transact business, but as a person upon whom process may be served. His full duty is performed in this regard when he reports the service upon him to the corporation which is sued, and he is not recognized in any other respect as the representative of the company. Section 6, page 356, of the Laws of 1901 is as follows:

"Each such association now doing business or hereafter admitted to do business within this state and not having its principal office within this state, and not being organized under the laws of this state, shall appoint, in writing, the commissioner of insurance and his successors in office to be its true and lawful attorney, upon whom all lawful process in any action or proceeding against it must be served, and in such writing shall agree that any lawful process against it which is served on said attorney, shall be of the same legal force and validity as if served upon the association, and that the authority shall continue in force so long as any liability remains outstanding in this state."

So that a different proposition is involved from that in a case where a corporation has an office in the county for the purpose of conducting business and has appointed an agent with reference to that general business. In this character of cases the beneficiaries are not generally people of large means, and courts ought not to make it hard for them to obtain redress from foreign corporations. There is nothing in the statute to indicate that it was the intention of the legislature to compel litigants of this character to commence their actions in Thurston county, simply because the person who is arbitrarily mentioned by the statute as the person upon whom service could be made happens to reside in that county.

We think the superior court of Spokane county had jurisdiction of the action, and the judgment is reversed with instructions to proceed with the trial of the cause.

HADLEY, C. J., RUDKIN, CROW, MOUNT, FULLERTON, and ROOT, JJ., concur.