[No. 8662.  Department One.  September 20, 1910.]

TENA BUTLER, *Respondent*, v. SUPREME COURT OF THE INDEPENDENT ORDER OF FORRESTERS, *Appellant*.[1]

APPEAL—DECISION—LAW OF CASE.  Upon a second appeal, the decision on the former appeal becomes the law of the case.

INSURANCE — ACTIONS — PROOF OF DEATH — QUESTION FOR JURY. Whether the insured, whose absence was unexplained for many years, met his death shortly after leaving home and while the policy was still in force, is for the jury, where it appears that he was industrious and of good habits and left a wife and young children, with whom he was living pleasantly, saying that he was going on a short trip to mines, in which he was interested, and which were in a wild mountainous county, and was never again heard from, although diligent search was made for him at the time of his disappearance.

INSURANCE—POLICY—FORFEITURE — PROHIBITED EMPLOYMENTS.  A life insurance policy containing a prohibition against engaging in mining or prospecting is not forfeited by a visit to mines in which the insured was interested.

TRIAL—SPECIAL VERDICT—DISCRETION.  It is discretionary with the trial court to require a special verdict.

INSURANCE—ACTIONS—PROOF OF DEATH—EVIDENCE—ADMISSIBILITY. Upon the sudden disappearance of an insured, whose absence was never accounted for, it is permissible to show his general character by evidence of his previous conduct.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered October 9, 1909, upon the verdict of a jury rendered in favor of the plaintiffs, in an action on a benefit insurance certificate.  Affirmed.

*Samuel R. Stern*, for appellant.

*Belden & Losey*, for respondent.

FULLERTON, J.—This is an action upon a benefit insurance certificate issued by the appellant, a fraternal institution, insuring the life of one August Schneider.  The cause has been before this court on two prior occasions: the first, on an ap-

[1]Reported in 110 Pac. 1007.

peal from a judgment dismissing the action for want of juris-
diction in the court to entertain it (48 Wash. 147, 93 Pac.
66) ; and the second, on an appeal from a judgment dismissing
the action at the conclusion of the plaintiff's case in chief, on
the ground that the evidence was insufficient to justify a
verdict (53 Wash. 118, 101 Pac. 481).    After the cause
had been remanded from this court after the second hearing,
it was tried upon its merits, and a verdict and judgment for
the plaintiff entered therein.    This appeal is from the last
mentioned judgment.

The facts which give rise to the controversy are fully
stated in the opinion reported in 53 Wash. 118, 101 Pac.
481, and it is unnecessary to restate them again in detail
here.    Suffice it to say, therefore, that the insured left his
home in the city of Spokane on July 7, 1898, stating to his
sister-in-law just before leaving that he was going to the
mines to be gone for a short time, requesting her at the
same time to take care of the house and water the lawn dur-
ing his absence, and say to his wife, who was then visiting
away from home, that he would return on the following Wed-
nesday, the day he left being Friday ; that he failed to return,
and has not since that time been seen.

Many of the questions discussed in the appellant's brief
were determined by this court on the last appeal contrary to
his contentions, and are necessarily concluded against him.
His attorney, however, argues with great force that it was
necessary for the plaintiff to prove that the insured died while
he was in good standing in the order in which he was in-
sured; namely, before February 28, 1900, the date to which
his dues were paid, and that there was no evidence at all in-
troduced tending to prove the fact.    But without attempting
to follow the argument of counsel, we think there was evi-
dence from which the jury were warranted in finding the
fact.    The insured left his home abruptly, and somewhat
hurriedly, without preparation for an extended stay, saying
that he was going to the mines, from which he expected to

return within a short time. It was shown that he was sober and industrious, that his home relations were most agreeable; that he was the father of two young children of whom he was very fond; and that he took pride in caring for his home and making its surroundings pleasant. It was shown, furthermore, that search was made for him almost immediately, that his disappearance was made known to his lodge brethren, who followed up every clue that was given them, but that no one was able to learn of his whereabouts. It was shown, furthermore, that he was interested with another in certain mining prospects, and had previously expressed to his wife his intention of visiting them. When we add to this the fact that no trace of the insured has ever been found, and that a person is subjected to more or less peril when traveling in the wilds of the mountains, it is some evidence, we think, that the insured met his death shortly after he left his home on July 7, 1898. A man of his character does not ordinarily abandon his home and his wife and young children, with whom he lives pleasantly, without cause, and it is more reasonable to suppose that the insured was prevented from returning by death than that his stay was voluntary. It must be remembered that the question was one for the jury to determine, and their conclusion, if supported by reasonable inferences, must be sustained by the courts.

The remaining questions require no especial consideration. The inference to be drawn from the insured's statements is rather that he intended to visit his mines than to engage in prospecting or mining. If his purpose was the former instead of the latter, there was no forfeiture of the policy. To visit a mine does not work a forfeiture under a policy of insurance containing a prohibition against engaging in prospecting or mining.

Three special interrogatories were submitted to the jury, and answered as follows:

"(1) Did August Schneider die between July 6, 1898 and April 1, 1900? Answer. Yes. (2) If you answer the

above in the affirmative, then tell when within that period he died. Answer. Before April 1, 1900. (3)    Did August Schneider engage in the business of mining after his disappearance and before April 1, 1900? Answer. No."

On the return of the verdict the defendant requested that the court instruct the jury to make the second answer specific by stating the date on which he died. This the court declined to do. We do not, however, find error in this ruling. Aside from the fact that it was not a material inquiry, the question whether a special verdict will be required is so far discretionary that an appellate court will review only for a gross abuse. There was no such abuse in this instance.

The question asked the witness Hamilton concerning the conduct of the insured while a soldier was admissible as tending to show his general character. The remaining assignment, whether sufficient inquiry was made by the relatives and friends of the insured to ascertain his whereabouts, was for the jury. What was done in that behalf was before them, and it was for them to say whether a more extended inquiry should have been made.

The judgment will stand affirmed.

RUDKIN, C. J., and GOSE, J., concur.

MORRIS, J. (concurring)—I concur upon the authority of the previous decision as establishing the law of the case.