[No. 11901.  Department One.  September 25, 1914.]

OTTO HUBENTHAL, *Respondent*, v. SAMUEL W. CREIGHTON
*et al.*, *Appellants*.[1]

PLEADINGS—AMENDMENTS—VARIANCE OR FAILURE OF PROOF.  Where
a complaint is founded on an express contract of sale and the evi-
dence discloses an express contract of consignment, there is an en-
tire failure of proof, and hence the complaint cannot be amended to
conform to the proofs, as is permissible in case of a variance.

Appeal from a judgment of the superior court for Spo-
kane county, Sullivan, J., entered July 3, 1913, upon find-
ings in favor of the plaintiff, in an action on contract, tried
to the court.  Reversed.

*B. Vandervelde*, for appellants.

*Mark F. Mendenhall*, for respondent.

MAIN, J.—The purpose of this action was to recover for
nursery stock.  The complaint alleged a sale and delivery.
The answer was a general denial.  Upon the trial, the plain-
tiff's evidence showed that the contract was not one of sale,
but that the nursery stock had been delivered upon consign-
ment, and when sold, the proceeds to be remitted to the plain-
tiff, less a commission of 25 per cent.  At the close of the
plaintiff's case, the defendants moved for a dismissal on the
ground that there was a failure of proof.  Thereupon, the
plaintiff asked, and was permitted, over the objection and
exception of the defendants, to amend the complaint to con-
form to the proof.  At the conclusion of all the evidence,
judgment was entered for plaintiff.  The defendants appeal.

The first and decisive question is whether permitting the
complaint to be amended was error.  The complaint was
founded upon an alleged express contract.  The evidence
showed an entirely different express contract.  There is a
distinction between a variance and a failure of proof.  Rem.

[1]Reported in 143 Pac. 98.

& Bal. Code, § 301 (P. C. 81 § 291). If there is a variance, it may be cured by amendment, but a failure of proof is fatal to the action. In *Dudley v. Duval*, 29 Wash. 528, 70 Pac. 68, it was said:

"There is a marked distinction between an immaterial variance and an absolute failure of proof. Ballinger's Code, § 4951. The former may be cured, as we have seen, by amendment of the pleading, but the latter is fatal to the action or defense."

Where one contract is pleaded, and the proof shows an entirely different contract, there is not a variance, but a failure of proof. In *Hartman v. Belden*, 38 Wash. 655, 80 Pac. 806, the plaintiff sued the defendants for an accounting. The complaint alleged that the contract was signed by the plaintiff as one of the parties, and the defendants jointly as the other party. The proof showed that the contract was signed by one of the defendants as one of the parties, and by the other defendant and the plaintiff jointly as the other party. This was held to be a failure of proof, and the action was dismissed. It was there said:

"The complaint alleges a contract between the respondent and the appellants jointly; the proof shows a contract between the appellant Russell G. Belden and the respondent and the appellant Worth Belden jointly. This is a failure of proof under Bal. Code, § 4951 (Rem. & Bal. Code, § 301)." (Citing authorities.)

In principle, the present case cannot be distinguished from that case. There the contract as alleged was not proven. Likewise here. The plaintiff pleaded a contract of sale, and proved a consignment. Between these two contracts, there is a marked distinction. In a sale the title passes to the vendee, while in a consignment the title does not pass to the factor or broker. A failure on the part of the vendee under a contract of sale to meet the obligations incurred by his purchase subjects him only to a money judgment; while a failure of the factor or broker to properly account for goods or merchandise held by him on consignment, when sold, not

only may subject him to a money judgment, but to a more serious penalty under the criminal law. There appears to be no alternative but to sustain the claim of the error. It is not a harsh rule, however, when the facts, as in this case, are within the knowledge of the plaintiff, to require that they be set forth truthfully in the complaint.

The judgment will be reversed, and the cause remanded with directions to the superior court to dismiss the action, without prejudice.

Crow, C. J., Gose, Ellis, and Chadwick, JJ., concur.