[No. 12590. Department One. July 20, 1915.]

JOHN C. McLACHLAN, *Respondent*, v. F. E. GORDON *et al.*, *Appellants*.[1]

PLEADINGS — VARIANCE — FAILURE OF PROOF — ISSUES, TRIAL AND JUDGMENT. In an action to recover money paid to an attorney through deceit and a conspiracy, submitted on the evidence taken in a similar case, it is error, upon finding that there was no deceit or fraud and that the issue presented by the complaint had not been proved, to give judgment for the plaintiff upon the theory of an excessive charge for services, paid by plaintiff when unduly prevailed upon; since an amendment without consent of either party, on failure of proof, is error, in view of Rem. & Bal. Code, § 301, providing that it shall not be deemed a variance, but a failure of proof, if the cause of action or defense is not proved in some particulars only, but in its entire scope and meaning.

Appeal from a judgment of the superior court for Yakima county, Grady, J., entered July 8, 1914, upon findings in favor of the plaintiff, in an action for fraud, tried to the court. Reversed.

*Wende & Taylor*, for appellants.

[1]Reported in 150 Pac. 441.

Holcomb, J.—In April, 1914, there were two actions brought against defendants, one by one Monroe, and the present case, upon the same grounds, based upon representations of deceit and fraud on the part of F. E. Gordon, the husband, as an attorney at law, and of conspiracy between him and another attorney named Rankin, by which it was alleged the plaintiffs were deceived and defrauded into paying Gordon in each case a large sum of money, for the amount of which the several plaintiffs demanded damages. The allegations of deceit, fraud, and conspiracy in each cause were denied by the defendants by simple denial.

The Monroe case was brought on for trial before the superior court and a jury, and resulted in a disagreement of the jury. Afterwards it was reset for trial by a jury, and the present case was also then set for trial, to immediately follow the trial of the Monroe case. On the day appointed for trial of the Monroe case, the parties stipulated in open court, the court consenting, which stipulation was later reduced to writing and filed, whereby a jury was waived in both cases and both cases were submitted to the judge who presided at the trial of the Monroe case, for determination upon the evidence which had been presented in that case, *and the issues presented by the pleadings* in both cases.

During the trial of the Monroe case, the court permitted that plaintiff, over the objection of defendants, to introduce evidence of the transaction between this plaintiff and defendants, upon the principle that other similar transactions of a fraudulent character may be shown to establish fraud in the transaction in issue. After consideration of the cases for some time, the trial court found for the defendants upon all the issues in the Monroe case, and dismissed that action. As to the case in hand, he found and concluded that a different situation existed as to the transaction between the parties; that "the proof fails to sustain the allegation charging a conspiracy between Gordon and Rankin;" that respondent had employed appellant to represent him in a threatened suit

at law, upon the terms that $200 should be paid Gordon as a retainer fee and for his services up to the trial of the threatened cause, and that, if a trial was had, the further sum of $300 was to be paid; that the threatened action against respondent was never brought; that "at the solicitation of Gordon it was dropped, and any cause of action released and discharged; and that after such release and discharge from the threatened suit and cause of action therefor, respondent paid appellant the further sum of $300." This the court found and concluded was excessive and exorbitant and beyond the contract between the parties, and paid because Gordon unduly and excessively prevailed upon respondent. The court thereupon gave judgment against appellants, as though upon a complaint amended without the assent of either party to conform to such findings, for the $300. This constructive amendment by the court, without the consent or agreement of either party, is the chief error assigned by appellants, and the only one we consider.

Both appellants and respondent excepted to the findings and conclusions made by the trial judge of his own motion, and moved for a new trial, the motions of both appellants and respondent being denied. All of the parties to the suit apparently relied upon the issues raised by their pleadings as to fraud and conspiracy. The appellants stood trial upon the issues tendered by the respondent in his complaint, and had no opportunity to defend any other stated cause of action. Under the stipulation between the parties, the hearing, both on the law and the facts, was necessarily limited to those issues. The rule that the *allegata* and *probata* should correspond prevails under the code as well as at common law. *Marsh v. Wade*, 1 Wash. 538, 20 Pac. 578.

Our code, Rem. & Bal., § 303, provides for liberality in the way of amendments to "correct mistakes of names of parties, or mistakes in any other respect, upon such terms as may be just," with or without the consent of the adverse party; and in recent times the courts have avoided refined and tech-

nical objections to pleadings. This court has been as liberal in that respect as the courts of last resort anywhere. We have always adhered to the principle that a court of general jurisdiction is not, in most cases, bound by the mere form of the pleading, if it states a cause of action for the relief, or any of the relief, demanded; and in case of any mere deficiency or inconsistency in the pleading, if not objected to, or if evidence, under an allegation not pleaded or not properly pleaded when the pleading is sufficient to apprise the opponent of the nature of the cause of action or defense or relief demanded, is received at the trial in the presence of the adverse party, without objection, the pleading will thereafter be deemed amended to conform to the proof.

But our code, Rem. & Bal., § 301, further provided that:

"When, however, the allegation of the cause of action or defense to which the proof is directed is not proved, not in some particular or particulars only, but in its entire scope and meaning, it shall not be deemed a case of variance . . . but a failure of proof."

Hence, we have recently held that:

"Where a complaint is founded on an express contract of sale and the evidence discloses an express contract of consignment, there is an entire failure of proof." *Hubenthal v. Creighton*, 81 Wash. 688, 143 Pac. 98.

In *Oldfield v. Angeles Brewing & Malting Co.*, 72 Wash. 168, 129 Pac. 1098, we said:

"No leave to amend was requested. No rule of construction, however liberal, can permit the trial of an issue not tendered in the complaint over the objection of the defendant. To permit such a course would be to ignore the statute, dispense with formal pleadings, and invite endless confusion."

In this case, the respondent pleaded damages from deceit, fraud, and conspiracy, and the recovery was allowed, without amendment, on the ground of extortionate overcharging, on a sort of implied contract of the attorney to forbear or refund the sum not earned.

The cause will be remanded for a new trial, that the parties may try the case fully on such issues as they frame by their pleadings. They may amend their pleadings and tender new issues, or stand upon their present pleadings, at their election. Appellants will recover costs of appeal.

Reversed and remanded.

MORRIS, C. J., MOUNT, ELLIS, and CHADWICK, JJ., concur.