[No. 12933.   Department One.   March 15, 1916.]

HAZEL MOYSES, *Respondent*, v. PETER NYBOE *et al.*,

*Appellants.*[1]

HOMESTEAD — SELECTION — RIGHT TO DECLARE — COMMUNITY PROP-
ERTY—CONVEYANCES.  A husband may, after the death of his wife,
declare a homestead in community property and sell and convey it
by his own deed in full fee simple title.

Appeal from a judgment of the superior court for King
county, Gilliam, J., entered April 3, 1915, in favor of the
plaintiff, in an action to quiet title, tried to the court.  Re-
versed.

*E. L. Sanders, F. C. Hackman,* and *Ballinger & Hutson,*
for appellants.

*Higgins & Hughes* and *Wm. C. Froude,* for respondent.

CHADWICK, J.—This action was brought to quiet title to
lots three and four, block eighteen, Squire's addition to Seat-
tle.  The lots in question were originally acquired as com-
munity property by Isaac A. Moyses and Ella Moyses.
Ella Moyses died intestate October 13, 1907, leaving, as
her heirs, her husband, Isaac A. Moyses, and Hazel Moyses,
a minor child.  A declaration of homestead was filed by the
husband, and a decree setting aside the property as a home-
stead was granted April 3, 1908.  The property was deeded
by Isaac A. Moyses to Emma E. VanHook, who, in turn,
deeded it to appellants.  The respondent claims a one-half
interest in the property as heir of Ella Moyses.

The case presents but one question:  May a husband de-
clare a homestead in community property after the death of
his wife, and hold it in his own right, or, as in this case, sell
the property and convey, by his own deed, the full fee simple
title thereto.  The question has been answered in the affirma-

[1]Reported in 155 Pac. 1036.

tive by this court. *Stewin v. Thrift*, 30 Wash. 36, 70 Pac.
116; *In re Feas's Estate*, 30 Wash. 51, 70 Pac. 270. The
subject was reviewed in detail in *Stewart v. Fitzsimmons*,
86 Wash. 55, 149 Pac. 659.

The judgment is reversed, and the cause remanded with
instructions to dismiss.

MORRIS, C. J., MOUNT, ELLIS, and FULLERTON, JJ., con-
cur.