[No. 13195. Department Two. March 15, 1916.]

O. E. NILSEN et al., Appellants, v. EBEY LAND COMPANY
et al., Respondents.[1]

APPEAL—REVIEW—RECORD BELOW—INSTRUCTIONS—BILL OF PARTICU-
LARS. Upon a case coming up on a bill of exceptions that includes
only the pleadings and the instructions, a bill of particulars cannot
amplify the complaint or be considered as proof, to start a presump-
tion against the instructions.

Appeal by plaintiffs from a judgment of the superior court
for Snohomish county, Alston, J., entered March 9, 1915,
upon the verdict of a jury rendered in favor of the plaintiffs,
in an action on contract. Affirmed.

Vince H. Faben, for appellants.

Cooley & Horan and R. Mulvihill, for respondents.

BAUSMAN, J.—The complaint alleged a sale of "goods,
wares, and merchandise" of reasonable and agreed value
without stating what they were or on what precise dates
they were sold, the only description being in a subsequent
bill of particulars which contained many items of various
dates. The answer, after denials, alleged, by way of rescis-
sion, that defendants had bought from plaintiffs an engine,
which, being found worthless, was tendered back.

The case comes to us on a bill of exceptions which in-
cludes only the pleadings and the instructions. The sub-
stance of the latter shows that the jury was allowed to con-
sider this engine as a separate article, whereas appellants
claim that it was sold as part of a pumping plant, and that
the rescission attempted was bad because the rest was not
tendered too. In support of this, we cannot consider the bill
of particulars at all, for we have held that such a bill neither
is part of a complaint nor is traversed by an answer. It
does not amplify a complaint. Dudley v. Duval, 29 Wash.

[1]Reported in 155 Pac. 1036.

528, 70 Pac. 68. We have consequently nothing before us to show whether these articles were sold as one plant and for an entire price. As the bill of particulars is not a pleading, so, also, it is not proof. It is a mere announcement of proposed details, which in this trial may or may not have been offered. In fine, we have neither pleadings nor evidence on which to start a presumption against the instructions.

Judgment affirmed.

MORRIS, C. J., HOLCOMB, MAIN, and PARKER, JJ., concur.