[No. 13324.    Department One.    June 23, 1916.]

LUISA BRIGLIO *et al.*, *Respondents*, v. HOLT & JEFFERY, *Appellant*.[1]

EXPLOSIVES—BLASTING IN STREET—DEGREE OF CARE. Where blasting powder or dynamite is used in the prosecution of street work, the contractor is bound to use "every reasonable effort for the prevention of injury."

DAMAGES—PERSONAL INJURIES—EXCESSIVE VERDICT. A verdict for $2,500 for permanent personal injuries in the loosening or misplacement of the sacroiliac joint will not be set aside as excessive, where the extent of the injuries depends upon opinion evidence, and it cannot be said that the verdict reflects passion and prejudice as a matter of law.

Cross-appeals from a judgment of the superior court for King county, Ronald, J., entered October 9, 1915, upon the verdict of a jury rendered in favor of the plaintiffs for $2,500, for personal injuries caused by blasting. Affirmed.

*Preston & Thorgrimson*, for appellant.

*Andrew R. Black* and *Ralph Simon*, for respondents.

CHADWICK, J.—We shall refer to the party Luisa Briglio as the respondent. The facts in this case are sufficiently stated in the opinion written on the former appeal (*Briglio v. Holt & Jeffery*, 85 Wash. 155, 147 Pac. 877), with the exception that, at the second trial, one of the physicians who had been familiar with the case testified that long association and continued observation warranted the belief that the injury which Mrs. Briglio had sustained was due to the loosening or misplacement of the sacroiliac joint.

It is assigned as error that the court charged the jury that appellant was bound to use "every reasonable effort for the prevention of injury." The instruction is substantially the same as that approved by the court in *Abrams v. Seattle*, 60 Wash. 356, 111 Pac. 168, 140 Am. St. 916. If the

[1]Reported in 158 Pac. 347.

instruction were otherwise subject to criticism, it would not be so in this case. Appellants were employing the force of blasting powder or dynamite in the prosecution of their work. The degree of care which the law puts upon them is commensurate with the danger to those who are within range of their operations. From this viewpoint, the instruction is sustained by the reasoning of the court in the case of *Freebury v. Chicago, M. & P. S. R. Co.*, 77 Wash. 464, 137 Pac. 1044.

At the former trial, the jury returned a verdict for the plaintiff in the sum of $2,000. It is alleged now, as it was on the former appeal, that the verdict is excessive, and while there is much evidence that lends support to the insistence of counsel that respondent Luisa Briglio is a malingerer and is shamming her hurts, there is testimony to sustain the finding of the jury that she is permanently injured and in greater degree than appeared at the former trial. While the court reduced the verdict after the former trial, it did not do so in this case. The extent of respondent's injury depends upon opinion evidence. The jury was free to believe it, and we cannot say that the verdict is large enough to warrant us in holding that it reflects passion and prejudice of the jury as a matter of law.

The court below allowed the costs of the former trial in the superior court and the costs of the former appeal in this court as an offset against the verdict, and entered a judgment in favor of respondent for the difference. Respondent has taken a cross-appeal, contending that, inasmuch as she prevailed finally, she is entitled to recover all costs heretofore expended in the action.

Appellant is entitled to its costs on the former appeal. This is covered by statute, Rem. & Bal. Code, § 1744 (P. C. 81 § 1241). We think, too, that it is entitled to recover its costs expended in the former trial. Costs follow as an incident to a judgment. The effect of our holding on the appeal was to vacate the former judgment and hold it for

naught. The only judgment in which respondent has any interest is the present judgment, which we affirm, and she is entitled only to such costs as are incident to that judgment.

MORRIS, C. J., MOUNT, FULLERTON, and ELLIS, JJ., concur.