[No. 14060. Department Two. November 9, 1917.]

KLOCK PRODUCE COMPANY, *Plaintiff and Appellant*, v.
DIAMOND ICE & STORAGE COMPANY, *Defendant
and Appellant*.[1]

NEW TRIAL — INSUFFICIENT EVIDENCE — DISCRETION. The court's
statement of a belief that the verdict was against the weight of the
evidence does not show an abuse of discretion in refusing to grant
a new trial, where the remarks showed exercise of discretion and
that the refusal was not due to any belief that the court was without
the power to grant a new trial.

APPEAL—REVIEW—VERDICT—EXCESSIVENESS. A verdict, reduced
by the court as excessive, will not be further reduced on appeal,
where the reduction was solely to correct a matter of mathematical
computation, the court having adopted the basis employed by the
jury, which was supported by evidence.

APPEAL — REVIEW — HARMLESS ERROR — MISCONDUCT OF COUNSEL.
Misconduct of counsel in asking an improper question of little
moment is not ground for reversal, where the answer was immediately stricken and the jury instructed to disregard it.

TRIAL—EXAMINATION OF WITNESSES. Upon an issue as to whether
eggs had acquired a foreign flavor, the conditions causing eggs to
rot are immaterial. ·

APPEAL—REVIEW—WAIVER OF ERROR. The acceptance of a reduction in a verdict estops plaintiff from appealing from the order.

COSTS—PREVAILING PARTY—GRANT OF NEW TRIAL. Where, on a
first trial, plaintiff's verdict was set aside on motion of the defendant and a new trial granted, which resulted in a second verdict for
the plaintiff, the defendant is entitled to costs on the first trial, as
the granting of a new trial constituted him the prevailing party
therein.

Cross-appeals from a judgment of the superior court for
King county, Smith, J., entered September 18, 1916, upon
the verdict of a jury rendered in favor of the plaintiff, in an
action on contract. Affirmed.

*S. H. Steele*, for plaintiff.

*James B. Howe* and *A. J. Falknor*, for defendant.

[1]Reported in 168 Pac. 476.

FULLERTON, J.—The plaintiff Klock Produce Company was engaged in the city of Seattle in the business of buying and selling butter and eggs. In the spring of 1914, it stored 1,324 cases of eggs, which it had imported from China, in the cold storage plant of the defendant Diamond Ice & Storage Company. Recovery is sought upon 952 cases which were removed from defendant's custody for purposes of sale between November 17, 1914, and February 28, 1915. There was evidence that the market price of storage eggs at that time was 22 cents per dozen. The plaintiff was unable to realize that price for the eggs by reason of the fact that the eggs had acquired a strong foreign odor, described as of a fruity flavor, and was able to realize only prices of from eight to twenty cents per dozen on sales subsequent to November 16, 1914. Plaintiff brought an action for the recovery of $1,862, as damages. There were two trials of the action in the superior court. On the first trial plaintiff recovered a verdict of $931.45. The court granted a new trial on defendant's motion therefor, and on a second trial the jury returned a verdict for plaintiff in the sum of $1,380. The court required plaintiff to accept $900 or submit to a new trial. Plaintiff thereupon elected to remit $480 of the verdict, and on September 18, 1916, judgment was entered against defendant for the sum of $900. By an order entered October 17, 1916, the court modified plaintiff's cost bill by striking plaintiff's costs for witnesses on the first trial, amounting to $255.80, and also directed that defendant's costs on the first trial, amounting to $285.21 be credited against plaintiff's judgment. Both parties appeal, the defendant assigning as errors the misconduct of plaintiff, insufficiency of the evidence, the giving of certain instructions, error in law occurring at the trial, and excessive damages. By the cross-appeal, the plaintiff assigns as error the order directing remission of a part of the verdict under penalty of suffering a new trial, and the orders modifying plaintiff's cost bill and directing that defendant's costs in the first trial be credited upon the judgment in favor of plaintiff.

Respecting defendant's contention as to the insufficiency of the evidence and its right to a directed verdict because of failure to show that plaintiff's eggs were in good condition when stored, or that it received any less than the reasonable value of such eggs if properly stored, or that the foreign odor of the eggs had been communicated by reason of defendant's negligence in so storing them as to cause such deterioration, it suffices to say that there was sufficient evidence to carry the questions to the jury.

Defendant next contends that the trial judge abused his discretion in not granting a new trial when he believed the verdict was against the weight of the evidence. In denying defendant's motion on all the grounds urged except as to that of excessive damages, the trial court said:

"I may state my view was different from the jury. I didn't think that the plaintiff had established by a fair preponderance of the evidence all the facts that he would have to obtain a verdict, but that is the verdict, and the jury, as far as I know had no ground of prejudice against the defendant. . . . I do not feel like disturbing the verdict of the jury that the fault for the fruity flavor of the eggs was due to odors or conditions existing at the storage warehouse of the defendant. Personally it is hard for me to understand how such odors could have been acquired from the conditions shown by the testimony, but that is a question of fact for the jury to decide and I shall not set up my opinion against the opinion of the jury on that point."

We think it is apparent, from the foregoing remarks by the trial judge, that he was exercising his discretion in refusing to grant a new trial for insufficiency of the evidence, and that the refusal was not due to any belief on his part that he was without power to grant a new trial. In the case of *Franey v. Seattle Taxicab Co.*, 80 Wash. 396, 141 Pac. 890, we held:

"Where the trial court exercised its discretion in refusing a new trial on conflicting evidence, error cannot be assigned because it appears that the trial judge's opinion of the evi-

dence differed from the opinion of the jury, in the absence of any abuse of discretion." [Syllabus].

In *Ritter v. Seattle*, 82 Wash. 325, 144 Pac. 61, this court reviewed its decisions respecting the denial of new trials, and held that, where the trial court has exercised its discretion, even though expressing an opinion that the verdict was against the weight of the evidence, such ruling would not be disturbed on appeal unless it appeared that the trial court was of opinion that it was without power to sustain the motion.

The defendant further contends that the verdict as reduced by the court is still excessive. This is based on the fact that the evidence showed but 600 cases in the warehouse of defendant at the date on which plaintiff first made complaint of the foreign odor communicated to the eggs, and that there were, on an average, four dozen rotten eggs in each case when taken out of cold storage which should not be charged up against defendant, thus making a further reduction necessary of $120 from the $900 fixed by the court. Further, that, in view of the fact that Chinese eggs were selling in the market at from sixteen to eighteen cents per dozen, and that plaintiff had sold its eggs from storage at a price of sixteen cents per dozen prior to complaint of their fruity flavor, it should be allowed only the difference between sixteen cents and the prices less than that figure at which it had been compelled to sell the 600 cases, thus reducing plaintiff's right of recovery to $355.30.

There was evidence showing that the prevailing price of storage eggs was twenty-two cents and that plaintiff had not been able to obtain that price prior to its complaint because of dissatisfaction existing among buyers as to the quality of its eggs. Respecting the allowance for rotten eggs, it is to be presumed the jury took that into consideration, since they allowed recovery upon a basis of 1,260 dozen eggs less than plaintiff claimed damages for. The jury passed upon the evidence as to depreciation in value and the resulting loss in

prices obtained, and we are not disposed to disturb their verdict as revised by the trial court. It is true, the trial court found that the amount of the verdict was against the evidence, but that was solely on the ground that it was not correct as a matter of mathematical computation. It adopted the basis employed by the jury in making the calculation.

Misconduct of the plaintiff in several particulars is urged as error. Mr. Klock, in answer to this question by his counsel: "Those eggs of Perry Brothers were the ones that the suit was mentioned that he had brought, when he was on the witness stand; is that right? You know that, do you?" answered: "Yes, sir, the same one that he got damages for." On motion of counsel for plaintiff, this answer was stricken, and the jury were instructed at the time to ignore the statement because it had nothing to do with the merits of the case before them. The court did all it could to neutralize the misconduct of plaintiff, and whatever prejudice to defendant's cause may have been occasioned by the uncalled for statement does not appear of sufficient moment to warrant the granting of a new trial. Other objections were made to references by Mr. Klock on the witness stand, to the effect that he could have produced certain records if he had known at the time when defendant "asked for a new trial" that it would want them. These have still less merit. It was a fact well known to the jury that this was a second trial of the same cause, it having been stipulated in open court that testimony of absent witnesses taken on the former trial might be read to the jury, and other witnesses present at the trial were cross-examined concerning their testimony to certain facts at the former trial.

It is further contended that it was prejudicial error not to permit cross-examination of a witness as to what various conditions would cause eggs to rot. There is no merit in this assignment. The issue was that the eggs had acquired a foreign and fruity flavor while in cold storage, which the

evidence showed bore no relation to rottenness; hence inquiries as to what would cause rottenness were immaterial.

Defendant also urges error in the reference of the court in two of its instructions to the eggs in controversy being rendered "unsalable as first class storage eggs," while they were in fact Chinese eggs, regarded by the trade as a lower grade. We think there was nothing misleading in these instructions taken as a whole. The class to which plaintiff's eggs belonged was not assumed by the court to be other than Chinese eggs, and the jury could not have understood it to mean other than first class Chinese storage eggs.

On its cross-appeal, the plaintiff strenuously contends that the court's reduction of the verdict was error, on the ground that it restricted plaintiff to recovery for eggs in the warehouse from the date only of the first complaint of their being damaged; while plaintiff claims it is entitled to damages for eggs in storage some three months earlier, because it was having difficulties with customers on account of the eggs during that earlier period. A determination of whether plaintiff is entitled to a recovery for injury to more than 600 cases is unnecessary at this time. Plaintiff accepted the reduction in the verdict made by the court on that basis, and as it had a right to refuse such reduction and appeal from the order of the court, it is now estopped to set up such action of the court as error. It could not accept the order and appeal from it at the same time. Its recourse was to stand upon the verdict as returned, if it intended to appeal from the order of the court.

The plaintiff also assigns as error the orders of the trial court respecting the costs incurred by the respective parties on the first trial of the action. As we have intimated, there were two trials of the cause, in both of which the plaintiff secured a favorable verdict of the jury. On motion after the first trial, the lower court set the verdict aside and awarded a new trial. The plaintiff again recovered verdict upon which the court rendered judgment for $900, but by an order offset

against the judgment $285.21 of costs incurred by defendant on the first trial. The action of the court was based upon the theory that defendant prevailed in the first trial because its motion resulted in its procuring a new trial. This ruling of the lower court was in harmony with our holding in *Briglio v. Holt & Jeffery*, 91 Wash. 644, 158 Pac. 347, where we announced the rule that, under our statutes, where a party against whom judgment is rendered secures a reversal on appeal and, on a second trial, judgment again goes against him, he is entitled to his costs expended on the former trial because he is the prevailing party and the costs are incident to the judgment therein. In the present case, it is true, there was no reversal of a judgment in the first trial, but the action of the lower court in granting a new trial on motion therefor was tantamount to judgment of reversal on appeal for the same cause, and thus constituted the defendant the prevailing party on the first trial, thereby entitling him to his costs incurred therein. This holding also disposes of plaintiff's assignment of error on the part of the court disallowing its claim for witness fees incurred upon the first trial.

Finding no reversible error upon the appeal of either party, the judgment is affirmed. Neither party will recover costs.

ELLIS, C. J., HOLCOMB, PARKER, and MOUNT, JJ., concur.