[No. 19739. Department One. October 14, 1926.]

GEORGE T. KERR *et al., Respondents,* v. HENRY HANSEN
*et al., Appellants.*[1]

[1] TRIAL (96)—INSTRUCTIONS—APPLICABILITY—SUBMISSION TO JURY OF MATTERS NOT WITHIN ISSUES. In an action for damages sustained in an automobile collision, where the only negligence claimed against one of the defendants was his suddenly stopping without giving any warning signal, it is reversible error to give an instruction authorizing recovery against such defendant for negligence in driving at an excessive speed and in three other particulars not included in the complaint.

[2] PLEADING (168)—ISSUES—EVIDENCE ADMISSIBLE UNDER PLEADINGS —CONFORMITY TO PLEADINGS. Where a bill of particulars expressly limits the negligence of one of the defendants to a specific act, and at the trial plaintiff's counsel states he will offer no evidence of any other negligent act, the jury should be instructed to limit their consideration to that single question.

[3] HIGHWAYS (52, 57)—NEGLIGENT USE OF MOTOR VEHICLE—EVIDENCE —SUFFICIENCY. Liability for an automobile collision may be based solely on the negligent failure to comply with Rem. Comp. Stat., § 6341, making it the duty of every person to give a timely signal when about to come to a stop.

Appeal from a judgment of the superior court for King county, Carey, J., entered June 3, 1925, upon the verdict of a jury rendered in favor of the plaintiffs, in an action for damages sustained in an automobile collision. Reversed.

*Frank E. Hammond,* for appellants.

*Burkheimer & Burkheimer* and *James H. Buchanan,* for respondents.

ASKREN, J.—This is an action for damages arising out of an automobile collision. From a judgment rendered on a verdict in favor of the plaintiffs Kerr,

¹Reported in 249 Pac. 977.

and against the defendants Hansen and Ide, the defendants Ide alone have appealed.

The facts are: In December, 1923, the respondents Kerr were driving their Ford car towards Seattle on the public highway between the cities of Bothell and Seattle. When they reached a point close to the entrance of Lake Forest Park, the automobiles of the defendants Hansen, and appellants Ide, were approaching them, the Ide car in front of the Hansen car. At this point the Ide car came suddenly to a practical stop, and the Hansen car, in endeavoring to avoid hitting the Ide car, turned to the left, or the center of the road, to go around the Ide car. The Hansen car got beyond the center of the road and either struck or was struck by the Kerr car. Severe injuries were alleged to the persons of respondents Kerr, and their minor child. Ide answered and pleaded contributory negligence of Kerr. Hansen cross-complained against both Kerr and Ide.

The complaint of Kerr against Ide and Hansen alleged a number of acts of negligence. Paragraphs VI and VII were as follows:

"That while the plaintiffs were so operating, driving and propelling their said Ford roadster automobile on said highway at said time and place, the defendants negligently and carelessly caused the said Buick automobile, then and there being driven upon said highway at said time and place to be driven and propelled into, upon and against the said Ford roadster automobile then and there being driven and operated by the plaintiffs with great force and violence, thereby greatly injuring and damaging said Ford roadster automobile of the plaintiffs and greatly injuring plaintiffs in their person.

"That the defendants and each of said defendants at and immediately before said collision were driving and propelling their said automobiles at a high and excessive and unlawful rate of speed, to-wit: more than

thirty (30) miles per hour; that the defendants and each of said defendants negligently and carelessly caused the said Buick automobile of the defendant Henry Hansen to be run and driven and propelled upon the left-hand side of said Victory highway, thereby striking the automobile of the plaintiffs and causing the injuries aforesaid; that at no time prior to said collision did the defendants or either of said defendants sound any horn, gong or other signalling device, indicating any intention on their part to drive or cause to be driven said Buick automobile upon the left-hand side of said highway; that at no time prior to said collision did the defendants or any of said defendants give any signal or warning of an intent to drive or cause said automobile to be driven upon the left-hand side of said highway; that at no time prior to said collision did the defendants or any of said defendants have their automobile under control; that at the time of and immediately prior to said collision, the defendants and each and all of said defendants were driving and propelling their said automobiles at a rate of speed such as to endanger the property and life and limb of the plaintiffs; that at the time of and immediately prior to said collision, the defendants and each of said defendants were not driving their said automobiles in a careful and prudent manner."

The Ides thereupon filed a motion for an order to require the complaint to set forth in paragraph VI the negligence of the Ides complained of. By agreement between the parties the respondents furnished a bill of particulars in lieu of amending the complaint. The bill of particulars was as follows:

"Come now the plaintiffs herein by their attorneys, Burkheimer & Burkheimer, and by way of a bill of particulars show to the court that the manner in which the defendants George Ide and Jane Doe Ide, his wife, negligently and carelessly caused the Buick automobile to be run, driven and propelled into, upon and against the Ford roadster automobile of the plaintiff as alleged in paragraph VI of plaintiffs' complaint herein, was by

the defendants George Ide and Jane Doe Ide, his wife, stopping, or bringing to a stop their automobile near the place of the collision and while the automobile of said defendants was being driven immediately ahead of the Buick automobile of the defendants Henry Hansen and Jane Doe Hansen, his wife, without giving any signal or warning of an intent to stop their said automobile.''

[1] At the time of trial, a discussion arose over whether the negligence alleged in the complaint was the failure to give a signal for stopping. After a colloquy between the court and the various counsel, the attorney for respondents said:

''Well, I would like to say this your honor, that I shall offer no evidence of any other negligence on the part of Ide.''

A little later counsel repeated the understanding as follows:

''I will state that I shall not attempt to prove any negligence against the defendants Ide except failure on the part of these defendants to give a signal of their intention to slacken their speed or to stop or turn their car.''

The court, however, instructed the jury in part as follows:

''The negligent acts complained of by the plaintiff are as follows:
''(1)   Negligence on the part of each of said defendants at the time plaintiffs' automobile collided with defendants Hansens' automobile and immediately prior thereto in the driving of each of said defendants' automobiles at a rate of speed of more than 30 miles per hour.
''(2)   Negligence on the part of the defendants, Ide, in causing said Ide's automobile to suddenly stop without giving any previous notice or signal to the driver of said Hansen's automobile.

"(3) Negligence of each of the defendants in causing the said Hansen's automobile to be driven and propelled upon the left side of said highway, whereby it collided with plaintiffs' automobile.

"(4) Negligence on the part of each of said defendants to give any signal or warning to plaintiffs of defendants' intent to drive or cause said Hansen's automobile to be driven, on the left side of said highway.

"(5) Negligence on the part of each of said defendants at the time of said collision and immediately prior thereto in not driving their said automobile in a careful and prudent manner."

It will be seen by this instruction that the court set out as negligent acts of the appellant Ide five distinct acts of negligence, although only the one numbered two came within the issues according to the bill of particulars, and the express statement of counsel at the beginning of the trial.

As soon as the court concluded the reading of the instructions, the record shows that immediate objection was made to this instruction upon the ground that it submitted to the jury grounds of negligence that had not been urged against Ide.

"THE COURT: Are there any suggestions as to these instructions?

"MR. HAMMOND: Yes, your honor. You have instructed the jury as to the acts complained of in the plaintiffs' complaint, and you have set forth five acts of negligence. Now, I have been trying this case upon the theory that plaintiffs confined their allegation of negligence to the act of defendant Ide in failing to give a signal to stop. It seems to me that, even if they find the defendant Hansen was negligent in some manner or in any manner, they would be unable to find against Ide also.

"THE COURT: I am instructing upon the issues raised in the pleadings, with one exception."

It seems to us that it was error to submit to the jury an instruction wherein they were told of the specific

act charged against Ide of failure to signal for stopping, and then to also charge Ide with the four other acts of negligence which had been waived as to him. The vice of this instruction is heightened by the fact that immediately following the setting out of the five grounds of negligence the court gave the following instruction:

"Before the plaintiffs can recover damages against the defendants, or either of them, the jury must find from a preponderance of the evidence that plaintiffs or their said automobile were injured in some manner and to some extent as complained of, and that said injury or injuries then and there as are alleged did directly and proximately result from either one or more of the five negligent acts of the defendants, as complained of."

It will be noted that the court refers to "one or more of the five negligent acts of the defendants."

Nowhere in the instructions did the court limit the negligence of Ide to the specific act complained of.

[2] Respondents contend that the court should not have confined his instructions as to Ide's negligence to the bill of particulars, because it is no part of the pleadings. In this connection is cited our decision in *Nilsen v. Ebey Land Co.*, 90 Wash. 295, 155 Pac. 1036. A reading thereof does not convince us that the decision therein is applicable to the instant case. That action came to this court on a bill of exceptions which contained only the pleadings and instructions. Without the evidence before us, we were unable to say whether the proof was in conformity thereto or "a mere announcement of proposed details, which in this trial may not have been offered." In the present case the evidence shows that the proof was in conformity thereto, and also with the stipulation at the beginning of the trial.

Respondents also contend that the bill of particulars refers to the negligence alleged in paragraph VI and that, if the complaint is deemed to be amended thereby, paragraph VII still remains, in which all the acts of negligence referred to in the instruction complained of are set out. But we think under the positive statement of counsel that the act of negligence was limited to the failure to signal for a stop, and the court should so have instructed the jury.

[3] Appellants also urge insufficiency of the evidence to sustain the verdict. It is claimed that the evidence did not disclose that appellants were going to stop the automobile and therefore no signal was required. Respondents contend, upon the other hand, that a signal is required whenever the speed of the automobile is so materially decreased as to be a "suddenly slowing up" or practical stop of the car. This seems to be a more reasonable interpretation of the statute, which is as follows:

"And it shall be the duty of every such person about to turn from a standstill or while in motion to give a timely signal indicating the direction in which he intends to turn as follows: If he intends to turn to the left he shall extend his arm in a horizontal position for a reasonable length of time; if he intends to turn to the right he shall extend his arm with the forearm raised at right angles for a reasonable length of time; and every such signal shall commence at a point not less than fifty feet before the turn is made. And it shall be the duty of every person so operating or driving any motor or other vehicle or riding or driving any animal along or over any public highway and intending to stop, to extend his arm and move it up and down in a vertical position for a reasonable length of time before stopping." Rem. Comp. Stat., § 6341.

A statute such as this must be read, as we said in *Jaquith v. Worden,* 73 Wash. 349, 132 Pac. 33, 48 L. R. A. (N. S.) 827, "with reference to its plain spirit and

intent. Its spirit may not be destroyed by narrowing it to its literal meaning of a single word." Common knowledge teaches us that it is the custom of all careful and prudent drivers to give a signal whenever they intend to so decrease the speed of their car as to make such action dangerous to those immediately following. There was testimony by one witness that the Ide car came to a "practical stop."

We conclude there was no error in the instruction given upon this point, and that there was sufficient evidence to go to the jury. Other errors are assigned but they are either such as will not occur upon a new trial of the cause, or we deem them not well taken.

The judgment is reversed, with instructions to grant a new trial as to appellants Ide.

TOLMAN, C. J., HOLCOMB, BRIDGES, and FULLERTON, JJ., concur.