[No. 21894. Department Two. January 2, 1930.]

DANA CHILD, *Appellant,* v. ROBY A. HILL, *Respondent.*[1]

[1]Reported in 283 Pac. 1076.

*O. C. Moore,* for appellant.

*M. E. Mack,* for respondent.

HoLcOMB, J.—This is the second appeal in this controversy. See *Child v. Hill,* 149 Wash. 468, 271 Pac. 266.

The author of this did not concur in that opinion and still would be sympathetically inclined toward a recovery on this appeal were it not that the principal questions of law arising from the facts were there decided. Both records have been carefully examined.

The case was retried on the same pleadings as before. The negligence charged by appellant was that respondent failed to give any signal or warning of his approach, and drove in a careless manner without regard to the rights and safety of appellant, a pedestrian, contrary to the provisions of §§ 7, 23 and 37 of an ordinance of Spokane, No. C3158.

The answer was a general denial and a plea of contributory negligence, which reads in substance that, if the plaintiff was in any manner injured, same was due to his own negligence in that, without regard for his own safety, and without looking to east or west, plaintiff had stepped right in front of the defendant and stated that he did not look; that the negligence of the plaintiff as aforesaid was the proximate cause of any injury he may have sustained. The reply denied the allegations of the affirmative defense.

The first claim of error argued is that testimony was admitted outside the issues, in that defendant and his witnesses were permitted to testify that appellant "walked into or against the right front wheel

of the car," when the allegation of the affirmative answer is "that plaintiff, without regard for his own safety and without looking to the east or west, had stepped right in front of the *defendant.*"

It is argued that there is a variance between the allegation of the affirmative defense and the proof, in that the allegation is that appellant stepped in front of defendant (respondent), while the proof admitted was that he walked into or against the right front wheel of the car.

Rem. Comp. Stat., §§ 311 and 312, defining issues of fact and a trial are quoted by appellant, and decisions from this court to the effect that a party must prevail according to the case made by his pleading; and that the allegations and proofs should correspond, under the code. *Marsh v. Wade,* 1 Wash. 538, 20 Pac. 578; *Jacobs v. First National Bank,* 15 Wash. 358, 46 Pac. 396; *McLachlan v. Gordon,* 86 Wash. 282, 150 Pac. 441; *Armstrong v. Spokane International R. Co.,* 101 Wash. 525, 172 Pac. 578, L. R. A. 1918E 460; *Kerr v. Hansen,* 140 Wash. 459, 249 Pac. 977; 38 Cyc. 326.

What are issues of fact under the code, a trial, and what is necessary to prove under the settled issues of fact, are well defined under the statutes above cited and the cases. But we have never understood it to be settled law that the proofs must correspond word for word with the allegations. Had the allegation of the affirmative answer in this case been that appellant, without regard for his own safety and without looking in either direction, had stepped right into the front of the automobile of appellant, there would apparently have been no contention that there was a variance between the allegations and the proof. In the cases cited and relied upon by appellant, there were radical variances by way of introduction of evidence relating to facts, or acts of negligence, which had in no wise been

pleaded. That is not the case here, and we consider that there is no substantial merit in the contention upon this question.

■ Appellant next argues that there were erroneous and inconsistent instructions on contributory negligence given to the jury. The court gave nearly all the instructions requested by appellant, and also properly instructed the jury that the burden was upon respondent to sustain the affirmative allegations of his affirmative defense by a preponderance of the evidence. The issues were correctly defined.

Appellant argues that a portion of an instruction reading:

"If you find from the evidence in this case that the plaintiff, without having exercised proper precautions for his own safety, stepped in front of defendant's automobile, or walked against the defendant's automobile while it was standing, when in the exercise of ordinary care he could have avoided a collision," etc. was a continuation with emphasis of the error committed in the admission of the above mentioned testimony. We consider the admission of the above mentioned testimony proper under the issues and that the instruction complained of was a proper application of the law relating thereto. *Sherrin v. Gevurtz,* 142 Wash. 128, 252 Pac. 683.

■ The same instruction concluded as follows:

"If you are unable to say from a preponderance of the evidence whose negligence—if anyone was negligent—was the direct and proximate cause of the collision, then your verdict should be for the defendant."

This conclusion of the foregoing instruction is assigned as the next error. It is extensively argued that, under this instruction, the jury was released from its obligation to return a verdict based upon the preponderance of the evidence, and authorized on the con-

trary to render a verdict for respondent because of inability to determine in whose favor rested the preponderance; or otherwise, if it was unable to agree on a verdict by a preponderance of the evidence, then, by the simple fact of such inability, the verdict should be in favor of defendant.

We are unable to agree with that argument. The jury had been told what preponderance of evidence meant, and that the party having the affirmative of any issue was bound to sustain it by a preponderance of evidence. But if there were no preponderance upon any affirmative issue, then the jury could not render a verdict supporting such affirmative issue. That is all that the instruction meant and it was somewhat plainer than the one in *Shish v. Northern Pacific R. Co.*, 134 Wash. 390, 235 Pac. 818, where the instruction complained of was

" 'If you are uncertain on this question it would be a case, under the law, of a failure of proof and your verdict would be for the defendants.' "

We held in that case that, while the instruction was not very happily expressed, it was in no event prejudicially erroneous. In other respects, the jury were correctly informed as to the meaning of fair preponderance of the evidence, burden of proof, and the issues, and we refused to reverse the judgment by reason of the instruction.

We are bound by that decision here, and cannot deem the instruction prejudicially erroneous.

The next error claimed and argued is in the submission of a special interrogatory.

In one instruction given the jury, they were required, in the event of a verdict for appellant, to answer the following interrogatory: "In what manner do you find that the defendant was negligent?"

Appellant argues that the special interrogatory was

required to be answered only in the event of a verdict for plaintiff, and called for a finding upon an evidentiary fact, or act of negligence, upon which the jury would base its ultimate conclusion of liability on the part of respondent.

We have a statute, Rem. Comp. Stat., § 364, reading:

"The court . . . in all cases may instruct them, [the jury] if they render a general verdict, to find upon particular questions of fact to be stated in writing, and may direct a written finding thereon."

Both counsel have gone far afield in citing and discussing texts and decisions from other jurisdictions upon this question. The question is wholly determined by our own statute and a number of decisions which have been strangely ignored by both counsel.

From the beginning, we have held that the submission, or nonsubmission, of special interrogatories, under our statute, is discretionary with the court and will not be reviewed upon appeal. *Pencil v. Home Insurance Co.,* 3 Wash. 485, 28 Pac. 1031; *Bailey v. Tacoma Traction Co.,* 16 Wash. 48, 47 Pac. 241; *Walker v. McNeill,* 17 Wash. 582, 50 Pac. 518; *Morrison v. Northern Pacific R. Co.,* 34 Wash. 70, 74 Pac. 1064; *Butler v. Supreme Court of Foresters,* 60 Wash. 171, 110 Pac. 1007; *Alaska Pacific Steamship Co. v. Sperry Flour Co.,* 122 Wash. 642, 211 Pac. 761; *Colvin v. Auto Interurban Co.,* 132 Wash. 591, 232 Pac. 365.

There was no abuse of discretion in submitting this interrogatory.

It is next contended that the court erred in refusing, in part, an instruction requested by appellant, numbered 4.

It is insisted that, although the trial court marked, as "covered," the requested instruction, it did not give any instruction equivalent to the following portion of the requested instruction:

" . . . and the plaintiff had the right to assume that defendant's automobile would approach said crossing at a lawful rate of speed, and that defendant in operating his said automobile would recognize plaintiff's superior right at the crossing and avoid running into him, *though it might necessitate a change of the course of said automobile or the actual stopping of same.*"

*Johnson v. Johnson,* 85 Wash. 18, 147 Pac. 649; *Olsen v. Peerless Laundry,* 111 Wash. 660, 191 Pac. 756; and *Jensen v. Culbert,* 134 Wash. 599, 236 Pac. 101, are quoted as establishing the law as comprised in the above italicized portion of the requested instruction.

While the above cited cases are pronouncements of the law in this state as to such situation, it is not absolutely obligatory upon a trial court to give an instruction in the exact language of any of the opinions or in the words of a requested instruction. It is sufficient if the law is stated to the jury substantially as it should be. In other portions of the court's instructions, the jury were charged that, if they found from the preponderance of the evidence that respondent operated his automobile at the time and place of the collision in violation of the ordinances of Spokane, or of the laws of the state as they had been instructed, such operation would be of itself negligence; and that the ordinances give pedestrians the right of way at street intersections, and places upon the operator of an automobile approaching such intersections or crossings the duty of continuous observation to avoid running into, or upon, any pedestrian crossing such street at such crossing, and the driver of an automobile is required to so operate his car as not to run into, or upon, such pedestrian at such intersection or crossing.

We think the foregoing instructions sufficiently

stated the law to the jury under the cases cited and relied upon by appellant.

A further claim of error is because of the refusal by the trial court of an instruction as to the rights on public streets of persons with defective vision.

Such an instruction was questioned in the decision on the former appeal (*id. l. c.* 471).

On the retrial the court declined to give the instruction there questioned. In the last trial, appellant again testified that he could see two-thirds of a block and that he saw respondent's automobile approaching that far away.

It is obvious therefore that there was no basis for the submission of the instruction requested.

The last error claimed by appellant is based upon the allowance by the trial court of two attorney's fees of $15 each for two trials. It is also contended that the witness fees should have been retaxed as moved by appellant. The witness fees for both trials were allowed by the trial court.

Respondent confesses that the taxing of two attorney's fees was erroneous and that the costs should be retaxed to exclude one attorney's fee of $15. As to the witness fees and costs of the other trial, the case is governed by our decisions in *Briglio v. Holt & Jeffery*, 91 Wash. 644, 158 Pac. 347; *Klock Produce Co. v. Diamond Ice & Storage Co.*, 98 Wash. 676, 168 Pac. 476.

In accordance with those decisions, respondent is entitled to the cost of both trials as taxed by the trial court, with the exception of the attorney's fees for one trial. That will be stricken from the costs.

Inasmuch as there is no substantial reduction of the recovery by appellant, respondent will be allowed costs on appeal.

Except as herein modified, the judgment below is in all respects affirmed.

FULLERTON, FRENCH, and MAIN, JJ., concur.

MITCHELL, C. J. (dissenting)—I dissent. That portion of appellant's requested instruction numbered four not given, as mentioned in the majority opinion, was not only proper, but important, and I cannot agree that it was substantially or at all covered by other instructions.

