308

IRA W. PAGE, *Appellant*, v. SPOKANE CITY LINES, INC.,
*Respondent.*[1]

*Caruso & Spinelli* and *Cashatt & Williams*, for appellant.

*Paine, Lowe, Coffin & Herman*, for respondent.

HILL, C. J.—QUAERE: In an action by a passenger against
a carrier, does the omission of the bracketed words in the
following instruction make it erroneous?

" . . . if you are unable to determine from the evidence
in the case [and the reasonable inferences therefrom] whose
negligence, if any, was the proximate cause of the accident,
then your verdict must be for the defendant."

ANSWER: No.

[1]Reported in 317 P. (2d) 1076.

■ REASONS: Inferences are conclusions drawn from the "evidence in the case," or, as stated in Bouvier's Law Dictionary (Rawle's Third Revision, 1914) 1562, an inference is "A conclusion drawn by reason from premises established by proof."

■ Inferences from the evidence are permissible, but not mandatory, unless a certain inference must, as a matter of law, be drawn from a certain fact or facts, in which event it ceases to be a jury question. See *Shafer v. National Life & Accident Ins. Co.* (1950), 88 Ohio App. 295, 98 N. E. (2d) 319.

We frequently discuss the reasonable inferences that can be drawn from the allegations of a complaint in determining whether it states a cause of action (*McHenry v. Short* (1947), 29 Wn. (2d) 263, 267, 186 P. (2d) 900), or the reasonable inferences that can be drawn from the evidence in determining whether there is evidence to support a verdict by a jury, or a finding of fact essential to a judgment. *Peterson v. Betts* (1946), 24 Wn. (2d) 376, 378, 165 P. (2d) 95.

■ It does not follow, however, when a case is submitted to a jury that a party is entitled to such an instruction as that quoted in the *Quaere, supra.* Such an instruction assumes that the jury will draw certain inferences; however, we cannot make such an assumption, though those inferences be reasonable ones, unless they follow, as a matter of law, from the established facts.

■ The jury was properly instructed that it was to determine from the evidence whose negligence, if any, was the proximate cause of the accident. It is evidence that the jury weighs, and

"The word evidence, in legal acceptation, includes all the means by which any alleged matter of fact, the truth of which is submitted to investigation, is established or disproved." Bouvier's Law Dictionary (Rawle's Third Revision 1914) 1091.

For an instruction similar to that given by the trial court in this case, see *Child v. Hill* (1930), 155 Wash. 133, 135, 283 Pac. 1076.

DISPOSITION OF THE CASE: The instruction complained of not being erroneous, the judgment is affirmed.

MALLERY, WEAVER, and OTT, JJ., concur.

FINLEY, J., concurs in the result.